# Wakely v. Sun Insurance Office of London, England, Appellant.

*Insurance—Fire insurance—Proof of loss—Defective proofs— Waiver.*

1. Where proofs of loss are delivered to an insurance company within the time stipulated in the policy, in good faith as a compliance with the provisions of the policy, it is the duty of the company to give immediate notice to the assured of its objections to the proofs, if any, pointing out the defects, and if the company neglects to do so, its silence will be held as a waiver of such defects in the proofs.

*Affidavit of defense—Sufficiency of affidavit—Suit on insurance policy—Concealment of value—Proof of loss—Refusal to produce books—Notice of loss—Execution of affidavit.*

2. If an affidavit of defense is made by an agent of a defendant corporation, it should aver why it is not made by an officer of the corporation, and the agent should show that he has special knowledge of the facts if the affidavit is made from his personal knowledge and not from information and belief. If the party making the affidavit does not have personal knowledge of the facts, the established form is for the affiant to aver that he is informed, believes and expects to be able to prove them.

3. In an action on a fire insurance policy covering a building and its contents, an affidavit of defense is insufficient which avers (1) that the plaintiff concealed and misrepresented a material fact concerning the value of the building, but alleges no specific facts disclosing concealment and misrepresentation; (2) that the plaintiff had not furnished satisfactory proofs of loss, but fails to assert that the proofs did not meet the requirements of the policy, or to show wherein they were unsatisfactory, or to deny the averment in the statement that notice was given in compli-

ance with the terms of the policy, and where the facts admitted show a prompt furnishing of the proofs and failure to object to them until the filing of the affidavit of defense; (3) that the plaintiff had refused and neglected to produce for examination all books of accounts, bills, invoices and other vouchers, but did not aver that the books desired by the defendant and refused by the plaintiff related to the insurance out of which this controversy arose; (4) that the property described in the policy was but partially destroyed on January 11, 1912, and was further destroyed by a later fire, notice of which was not given to the defendant, nor claim made for insurance under the contract, where the statement makes no claim for loss occasioned by fire subsequent to January 11th, and there is no denial of the averment of the statement of claim that the defendant by its agent agreed to the estimated loss on the damaged goods; (5) and that the affidavit of defense was executed by an agent of the defendant, who "is the state agent for the State of Pennsylvania" for the defendant corporation, but did not aver that said agent had personal knowledge of the alleged facts set out in the affidavit, nor that as an officer of the company his duties required him to have knowledge of such matters, but merely averred that it was his duty to make the affidavit of defense "inasmuch as no officers of the company better able to do so are residents of the State of Pennsylvania."

Argued May 14, 1914. Appeal, No. 187, Jan. T., 1913, by defendant, from judgment of C. P. Tioga Co., May T., 1912, No. 206, for want of a sufficient affidavit of defense in case of W. O. Wakely, now for use of W. O. Wakely and The Knoxville Trading Co., a corporation under the laws of Pennsylvania v. The Sun Insurance Office of London, England. Before FELL, C. J., BROWN, MESTREZAT, ELKIN and MOSCHZISKER, JJ. Affirmed.

Assumpsit on insurance policy. Before CAMERON, P. J.

The facts appear by the opinion of the Supreme Court.

The court made absolute the rule for judgment for want of a sufficient affidavit of defense. Defendant appealed.

Error assigned was the order of the court.

*Andrew B. Dunsmore,* with him *Paul J. Edwards,* for appellant, cited: Black v. Halstead, 39 Pa. 64; Newbold v. Pennock, 154 Pa. 591; Tilli v. Vandegrift, 18 Pa. Superior Ct. 485; Moore v. Fire Ins. Co., 196 Pa. 30; Barker v. Fairchild, 168 Pa. 246; Leibersperger v. Reading Savings Bank, 30 Pa. 531; Thompson v. Clark, 56 Pa. 33; McPherson v. Allegheny National Bank, 96 Pa. 135; Kaufman v. Cooper Iron Co., 105 Pa. 537.

*Edward H. Owlett,* with him *Charles H. Ashton* and *Walter Sherwood,* for appellee, cited: Griel v. Buckius, 114 Pa. 187; Bushong v. Edwards, 52 Pa. Superior Ct. 376; Cummins v. Insurance Co., 197 Pa. 61.

OPINION BY MR. JUSTICE MESTREZAT, July 1, 1914:

This is an appeal from the judgment entered by the court below for want of a sufficient affidavit of defense in an action on a policy of fire insurance on a building and its contents.

The affidavit avers substantially that (1) the plaintiff concealed and misrepresented a material fact concerning the value of the building; (2) the plaintiff has not furnished satisfactory proofs of loss; (3) the plaintiff has refused and neglected to produce, for examination, all books of accounts, bills, invoices and other vouchers, at Knoxville; and (4) the property described in the policy was but partially destroyed January 11, 1912, and was further destroyed by a later fire, notice of which was not given to the defendant nor claim made for insurance under the contract.

1. The alleged misrepresentation and concealment is as to the value of the building, the affidavit averring that it was not of the value of $2,000 at which it was insured, and was not worth more than $1,500, and that plaintiff thereby obtained insurance in excess of that

which he otherwise would have been able to secure had the defendant known the true value of the building, and, therefore, the policy is void. There are no facts stated in the affidavit from which the court could determine the truth of the alleged concealment and misrepresentation. The affidavit does not disclose what the plaintiff said, to whom the value was stated, nor when the misrepresentation was made. The concealment and misrepresentation are based on the fact that the building was insured for $2,000 and the defendant's allegation that the plaintiff knew it was not worth that amount. Why does the defendant's agent, making the affidavit, aver that the plaintiff knew the house was not of its insured value? He gives no facts from which the court or a jury could find the plaintiff had such knowledge. There is no averment in the affidavit of any declaration or act on the part of the plaintiff which discloses such knowledge. There is nothing in the affidavit to show that the house was not worth $2,000 when it was insured or that the plaintiff knew or believed it was not of that value save the simple declaration of the affiant who does not aver that he has any knowledge of the value of the property nor that he believes his statement to be true or expects to prove it. The building was in existence at the time it was insured, presumably was seen and examined by the defendant's agent who had every opportunity to ascertain and presumably did ascertain its insurable value. In the absence of an averment of specific facts disclosing concealment and misrepresentation by the plaintiff as to the value of the house at the date of the insurance, the simple statement by the affiant that it was not of that value and the plaintiff knew it is not sufficient to prevent judgment.

2. The affidavit avers that the plaintiff has not furnished defendant satisfactory proofs of loss of the items of merchandise contained in the policy. The fire occurred on January 11, 1912, and the plaintiff's statement avers "that on February 1st, the assured, W. O.

Wakely, furnished the defendant company with a particular statement of said loss, under oath, agreeble to the terms of said policy, and had previously notified defendant's agent at Elkland, Pa., of the fire on January 12, 1912." The affidavit does not deny this averment, but simply alleges that the proofs were not satisfactory. It does not aver that they do not meet the requirements of the policy which is specifically alleged in the statement. It does not specify wherein the proofs furnished are not satisfactory, nor does it aver that the defendant had suggested to the plaintiff that the proofs are unsatisfactory or wherein they are not satisfactory. The proofs of loss were delivered to the defendant within the time stipulated in the policy and, as we must assume, in good faith as a compliance with the provisions of the policy, and it was the duty of the company to give immediate notice to the assured of its objection to the proofs, pointing out the defects, etc.: Gould v. Insurance Company, 134 Pa. 570; and if the company neglected to do so, its silence will be held a waiver of such defects in the proof, and they must be considered as having been duly made according to the conditions of the policy: Girard Life Insurance A. & T. Company v. Mutual Life Insurance Company, 97 Pa. 15; Ætna Fire Insurance Company v. Tyler, 17 Wend. 385, 30 Am. Dec. 90. The first notice the plaintiff had that the proofs were not satisfactory so far as the record discloses was contained in the affidavit of defense filed eight months after the proofs were furnished. If they were defective or not in conformity with the policy, it was then too late to assert the fact.

3. The affiant further avers that since the fire, the plaintiff has refused to produce for examination "all books of account, bills, invoices and other vouchers, or certified copies thereof if the originals be lost," whereby the policy became void. It is not averred that the books of account, etc., were necessary to enable the company to make a defense to an action on the policy. We must

assume that the notice or request to produce the books, etc., was substantially in the language used in the affidavit, and if so it was entirely too indefinite to charge the plaintiff with neglect in declining to comply with the request. The affidavit does not aver that the books desired by the defendant and refused by the plaintiff related to the insurance out of which this controversy arises, and, under the well settled rule, no such intendment can be made. We must assume that the affiant stated the case in his favor as strongly as he could, and, therefore, that he could not truthfully aver in the affidavit of defense that the books, etc., which the plaintiff refused to produce were those relating to this insurance. The plaintiff was, of course, justified in declining to furnish any other books or papers for the defendant's inspection.

4. The fourth and last defense, as averred in the affidavit, is that the property described in the policy "was not wholly destroyed on January 11, 1912, as alleged in the plaintiff's statement of claim, but was only partially destroyed at that date and was further destroyed by a subsequent fire in the same premises, notice of which said subsequent fire was never given to the defendant by the said plaintiff, nor any claim made for insurance under said contract of said defendant," and that "defendant avers and expects to be able to prove that the amount of personal property burned (in the fire of January 11th) was not $3,792.11, as averred in the plaintiff's statement, but of a much less value, the exact amount of which affiant is unable to state." This averment is clearly defective. The statement of claim does not allege that the property was wholly destroyed by the fire of January 11th, which occasioned the loss sued for, but that "a fire occurred totally destroying the buildings insured under said policy and a large part of the merchandise covered by said policy were destroyed." The items of merchandise totally destroyed and those which were damaged but not totally destroyed by the

fire of January 11th, are set forth in the statement, and it is averred therein and not denied in the affidavit of defense that the defendant by its state agent, A. D. Lundy, agreed to the estimated loss on the damaged goods. If it be conceded that there was a subsequent fire and it destroyed some of the merchandise insured, as affiant avers, it does not follow that the loss in the subsequent fire is claimed in this suit, but precisely the opposite inference arises, in view of the averment in the affidavit that notice of the subsequent fire was not given the defendant nor any claim made for insurance under the policy. The defendant, therefore, is not injured and sets up no legal defense to the claim in suit if this averment of its affidavit be taken as verity. It should be observed that except as attacked inferentially in this part of the affidavit of defense, the particular items of merchandise destroyed and the value thereof as set out in the statement of claim are not specifically challenged, and, as above suggested, the loss on the damaged but not totally destroyed items is admitted by the defendant's agent. The general averment, therefore, that defendant expects to be able to prove that the personal property destroyed was worth much less than $3,-792.11 does not sufficiently meet the positive and specific averment of the loss of the items set out in the statement. The company's state agent who makes the affidavit of defense does not, so far as the affidavit discloses, do so on his personal knowledge of the matters therein averred, and he does not aver that the affidavit is made upon information, nor that he believes the loss caused by the fire is what he alleges. If he had such information, he does not disclose the fact nor its source, and if it were simply the idle gossip of the village, as it may be so far as the affidavit shows, it would certainly not be a sufficient reason to warrant the court in refusing judgment.

The affidavit of defense is made by A. D. Lundy who swears that "he is the state agent for the State of Penn-

sylvania" of the defendant corporation. He does not aver that he has personal knowledge of the alleged facts set out in the affidavit, nor that as an officer of the company his duties require him to have knowledge of such matters, but that it is his duty to make the affidavit of defense "inasmuch as no officers of the company better able to do so are resident within the State of Pennsylvania." This may be true, and yet he may not be the proper officer to make the affidavit, nor have sufficient personal knowledge of the matters alleged to be a defense as would warrant the averment in the affidavit "that the said defendant has a full, just, and true defense to the whole of the plaintiff's claim." The affidavit avers that the affiant is the state agent of the corporation, but does not aver directly that he is an officer of the corporation, nor does the affidavit disclose that he as an officer is acquainted with the facts and, therefore, could swear to them positively as of his own knowledge. If an affidavit is made by an agent of a corporation it should aver why it is not made by an officer of the corporation: Citizens' Natural Gas Company v. Gas Company, 210 Pa. 137; and the agent should show that he has special knowledge of the facts if the affidavit is made from his personal knowledge and not from information and belief. If a party making an affidavit does not have personal knowledge of the facts, the established form is for the affiant to aver that he is informed, believes and expects to be able to prove them. In the case at bar the affiant does not disclose what knowledge or opportunities for knowledge he had of the matters set up in the affidavit and in only one instance therein does he aver that he is informed, believes and expects to be able to prove the alleged facts.

A careful examination of the affidavit of defense does not disclose a defense to the plaintiff's claim and, therefore, the learned court below was right in making the rule absolute and entering judgment against the defendant.

Judgment affirmed.