## Kind *v.* Bodek, Appellant.

*Husband and wife—Goods furnished on credit of wife—Diamond pin—Necessaries.*

In an action against a wife to recover the cost of a diamond bar pin, a judgment for plaintiff will be sustained, where the testimony of a clerk of plaintiff, although contradicted by defendant, was to the effect that defendant had purchased the ring herself and told him "to charge the pin to her" and that she said "to charge and send it to her."

Argued Oct. 15, 1917. Appeal, No. 181, Oct. T., 1917, by defendant, from judgment of Municipal Court, Philadelphia Co., Dec. T., 1916, No. 433, for plaintiff on case tried by the court without a jury in suit of Frank Kind, Oscar Kind and Philip Kind, trading as S. Kind & Sons, v. Mrs. Joseph J. Bodek. Before ORLADY, P. J., POR-

TER, HENDERSON, HEAD, KEPHART, TREXLER and WIL-
LIAMS, JJ.    Affirmed.

Assumpsit to recover the sum of $215, the cost of a
diamond bar pin, alleged to have been sold and charged
to the defendant.

KNOWLES, J., who tried the case without a jury sum-
marized the evidence as follows:

"The plaintiffs testified that the defendant purchased
the diamond bar pin upon her own credit, giving the
salesman instructions to that effect, and that the mer-
chandise was delivered to the defendant and charged to
her account, although her husband had previously
opened an account under which he had purchased goods
to the amount of about $7.00 and subsequently had paid
for the same; that through an error the bill and state-
ments were sent to the defendant's husband, and likewise
certain letters demanding payment of the bill; that after
efforts had been made to collect the bill from the hus-
band, Joseph J. Bodek, covering a period of about six
months, the plaintiff referred to the original sales slip
and discovered that a mistake had been made in send-
ing the bill, statements and letters to the husband, and
that after consulting their attorney they decided to bring
an action against the defendant, Mrs. Joseph J. Bodek,
in an attempt to collect the amount due.

"The defendant testified she never bought the diamond
bar pin upon her own credit; that her husband had or-
dered it and that she was with him when the purchase
was made.    Also, she testified that on a previous occa-
sion she had purchased a bracelet from the plaintiffs
which her husband did not like when she exhibited it to
him, he demanding it should be returned and that some-
thing else should be purchased.

"In rebuttal the plaintiffs' salesman testified that the
defendant was alone when the diamond bar pin was pur-
chased."

Judgment for plaintiff for $230.    Defendant appealed.

517, (1917).] Assignment of Error—Opinion of the Court.

*Error assigned* was in entering judgment for plaintiff.

*Lionel Teller Schlesinger,* with him *Charles J. Weiss,* for appellant.—Even though the pin had been charged to the defendant, that of itself would not have been sufficient to hold her liable: Moore v. Copley, 165 Pa. 294; Clothier v. Wolff, 66 Pa. Superior Ct. 328.

A married woman cannot be made liable by implication.

*John S. Oberly,* for appellees.

OPINION BY WILLIAMS, J., December 13, 1917:

In an action to recover the price of a diamond bar pin alleged to have been sold to a wife upon her individual credit, defendant denied undertaking to pay for it, and alleged it was bought upon her husband's credit.

Plaintiffs' clerk testified: "Q.—Do you remember selling the defendant, Mrs. Bodek, anything? A.—Yes, sir. Q.—You sold this diamond bar pin? A.—Yes, sir...... The understanding with me was the pin was to be charged and sent to her......Q.—Did she say anything to you about it? A.—To charge the pin to her. Q.—Did she say that? A.—Yes, sir. Q.—......Now did she or did she not say that? A.—She said to charge and send it to her."

The court found for plaintiffs, refused judgment n. o. v., and from the judgment entered upon the finding we have this appeal.

Appellant contends that she was presumptively acting as her husband's agent in the transaction, and cites, inter alia: Moore v. Copley, 165 Pa. 294; Brouse v. Oliger, 36 Pa. Superior Ct. 399; and Clothier v. Wolff, 66 Pa. Superior Ct. 328; to which we might add: McCreery v. Scully, 67 Pa. Superior Ct. 524. This line of cases has two distinguishing features. There was no evidence that the wife undertook to pay, and the goods sold were family necessaries. Here we have express testimony that de-

fendant undertook to pay, and no evidence to show the article purchased was a family necessary. While plaintiffs' evidence is in some respects inconsistent, this inconsistency was for the trial judge whose finding is conclusive.

The judgment is affirmed.