# Mendenhall, Admrx., *v.* Jackson, Admr., et al., Appellants.

*Mortgage—Sci. fa.—Service—Terre-tenant—Interest—Life tenant owner of mortgage.*

1. A sci. fa. sur mortgage need be served only upon the mortgagor and the terre-tenant of the property.

2. It is the duty of the life tenant of a property to pay the accruing interest on a mortgage thereon, and hence if he also owns the mortgage, interest does not run until the life tenancy is ended.

*Mortgage—Decree of orphans' court authorizing mortgage—Conclusiveness of averments of petition as to debts—Collateral attack—Account—Advertisement—Practice, Orphans' Court.*

3. A mortgage authorized and approved by the orphans' court, cannot be attacked in any other court except for fraud.

4. A mortgage executed under a decree of the orphans' court conclusively determines that the debts named in the petition are due, and neither the mortgagee, nor purchasers from him, need investigate the matter further.

5. The advertisement required by law is effective legal notice of the filing of an account in the orphans' court and hence its adjudication thereafter is conclusive as to all matters relating to the items thereof.

*Practice, C. P.—Affidavit of defense—Information and belief—Expectation of ability to prove.*

6. An affidavit of defense is fatally defective so far as concerns allegations made upon information and belief only, unless accompanied by an expectation of ability to prove them on the trial of the case.

Argued May 17, 1920. Appeal, No. 116, Jan. T., 1920, by defendants, from order of C. P. Lancaster Co., May T., 1919, No. 38, entering judgment for plaintiff, in case of Jennie E. Mendenhall, administratrix of Wilson W. Jackson, deceased, who was the transferee of David C. Jackson, v. Wilson W. Jackson, administrator of Amanda Jackson, Mortgagor, with notice to Jennie E. Mendenhall, administratrix of Wilson W. Jackson, who was administrator of Amanda Jackson, deceased, and Venie Carnathan et al., owners and terre-tenants. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Judgment modified.

Scire facias sur mortgage.

Rules for judgment for want of sufficient affidavit of defense by appellants, and for judgment for want of affidavit of defense by other defendants.

The opinion of the Supreme Court states the facts.

The court made absolute the rules for judgment. Defendant appealed.

*Error assigned,* among others, was in entering judgment for plaintiff for $3,556.23.

*H. Edgar Sherts,* for appellants.—To bind a married woman's separate estate for medical services rendered herself and family, it must be shown that they were rendered at her request and on her credit. If not so furnished, her separate estate is not liable: Sawtelle's App., 84 Pa. 306; Berger v. Clark, 79 Pa. 340; McCormick's Est., 4 Kulp 15; Darmody's Est., 13 Phila. 207; Costigan's Est., 13 Phila. 264.

A great injustice was done appellants by deciding that the mortgage cannot be defended against in this proceeding: Corbett's Est., 10 Pa. Dist. R. 59; Murphy's App., 8 W. & S. 165; Atherton v. Atherton, 2 Pa. 112; Jackson v. Summerville, 13 Pa. 359; Rittispaugh v. Lewis, 103 Pa. 1; Morrison v. Mullin, 34 Pa. 12; Gelston v. Donnon, 44 Pa. Superior Ct. 280; Brooks v. Smyser, 48 Pa. 86; Wagner's Est., 227 Pa. 460.

*Willis G. Kendig,* for appellee, was not heard.

OPINION BY MR. JUSTICE SIMPSON, June 26, 1920:

Mrs. Amanda Jackson died intestate, leaving to survive her a husband, Wilson W. Jackson, but no descendants; and he, by reason thereof, became life tenant of her real estate, and her collateral heirs, some of whom are appellants in this case, became remaindermen. Her husband was appointed administrator of her estate, and, upon his petition, without notice to appellants, the orphans' court authorized him to create a mortgage of $2,250 upon a farm owned by her, in order to raise money with which to help pay certain of her alleged debts, her funeral expenses, her tombstone and the cost of settling her estate. Under this authority the mortgage was executed and delivered to David C. Jackson, and was approved by the orphans' court. It was admitted at bar that the administrator thereafter filed his account,

charging himself, inter alia, with the amount of the mortgage, and the balance appearing by the account was distributed under the order of the orphans' court. Appellants were not actually notified of its filing, but it was duly advertised, thus giving to them effective legal notice: Priestley's App., 127 Pa. 420; Ferguson v. Yard, 164 Pa. 586. Subsequently the administrator took an assignment of the mortgage, and continued to be the owner thereof, and of a life estate in the property, until he died January 17, 1919.

Plaintiff, as administratrix of his estate (which was owner of the mortgage by assignment as aforesaid), issued a sci. fa. thereon against him as administrator of his wife's estate as mortgagor, with notice to herself as administratrix; and with notice also to the terre-tenants. Appellants filed an affidavit of defense, a rule for judgment for want of a sufficient affidavit was made absolute against them, as terre-tenants only; later a judgment for want of an affidavit of defense was entered against the other terre-tenants and the mortgagor, and the present appeal followed.

It is admitted the orphans' court had authority to authorize and approve the execution and delivery of the mortgage, and that it is not subject to collateral attack in the court of common pleas except for fraud; but it is alleged such fraud exists in the present case, because the debts set forth in the petition were not due by decedent, and the funeral expenses and cost of her tombstone were primarily payable by her husband, who, as stated, was the petitioner for the mortgage, and afterwards became the owner thereof. This, however, was a matter for the orphans' court, and is conclusively determined against appellants by its decree of distribution, finding those debts, as specified in the petition, to have been due by decedent's estate, and awarding payment thereof to the creditors named. Entirely aside from this, however, a like effect resulted from the decree on the petition for and the later confirmation of the mortgage; for the

court thereby determined it should be made, because the stipulated debts ought to be paid by decedent's estate, and the mortgagee and his assignee were not required to investigate the matter further: Brock v. Penna. Steel Co., 203 Pa. 249.

In the affidavit appellants also aver, upon information and belief, that the mortgage was made by collusion between the mortgagor and mortgagee, and no consideration passed either on its delivery or assignment. Even if this allegation were otherwise valid, it would be fatally defective for want of an averment of expectation to prove it on the trial of the case: Newbold v. Pennock, 154 Pa. 591; Wakely v. Sun Insurance Office, 246 Pa. 268.

It is also alleged that the judgment was improper because none of the record defendants actually represented the estate of Amanda Jackson. This was not necessary, however, since that estate was not a party to the mortgage. Judgment was entered against the actual mortgagor, but it is not now quoted and assigned as error. Moreover, as the court below points out, the estate is not concerned in this proceeding. The personal property left by decedent has been distributed, and the lien of her debts has long since expired. If she had been a party to the mortgage, it would have been necessary to make her a defendant; but even then by section 14 of the Act of July 9, 1901, P. L. 614, "the return of mortuus est" could not have been made to the writ. What this act sought to accomplish, namely, to give notice to all persons actually interested, has been accomplished; and defendants, who are interested, were given ample opportunity to interpose any defense they had. They were entitled to this, but to no more; and cannot be heard to complain even if the court below erred in holding everybody else interested had received due notice.

Finally, it is claimed that too much interest was allowed in the assessment of damages, in that it included a considerable sum which plaintiff's decedent, as life ten-

ant of the property, was in duty bound to pay in relief of the estate of the remaindermen, and hence his administratrix cannot collect it to the detriment of that estate. On this point the decision of the court below was erroneous; but since the parties, upon having their attention called to the matter, have agreed, if we sustain this contention, that the judgment should be reduced to the sum of $2,421.56, we need only make an order to that effect.

The judgment of the court below is modified by reducing the amount thereof to $2,421.56, and as thus modified is affirmed; neither party to recover costs in this court.