## Acker v. Creswell.

*J. Andrew Frantz,* for rule; *William C. Rehm,* contra.

LANDIS, P. J., Jan. 18, 1930.—On April 29, 1929, a suit in *assumpsit* was commenced before a magistrate against the defendant to recover the amount due to the plaintiff on a bond given by Harry F. Acker as principal and John H. Creswell as surety. On a hearing duly had judgment was entered in favor of the plaintiff for $207.10. The defendant appealed from this judgment and entered the same to the above number and term.

On Aug. 30, 1929, the plaintiff filed her statement, which was duly sworn to by her. Counsel for the defendant raises the point that the statement should be stricken off because the plaintiff in her affidavit to the same avers that the facts set forth therein "are true and correct, to the best of her knowledge and belief," without at the same time deposing and saying that she expects to be able to prove them on the trial of the case.

Section 9 of the Act of May 14, 1915, P. L. 483, which now applies to appeals from justices, provides that "the statement of claim shall be as brief as the nature of the case will admit. In actions on contracts, it shall state whether the contract was oral or in writing. It shall be sworn to by the plaintiff or some person having knowledge of the facts, and, if there be an attorney, shall be signed by his attorney." All of this was done in this case.

It will be observed that the act of assembly does not require that the plaintiff shall swear that she expects to be able to prove the facts set forth in her statement on the trial; but in Cohen *v.* Snyder, 30 Dist. R. 1008, it was held by Judge Broomall, of Delaware County, Pennsylvania, that "an affidavit to a statement of claim which fails to set forth that the facts alleged in the statement are true, but only that they are true and correct according to the best of the plaintiff's knowledge, information and belief, is not sufficient, and in such case the statement will be stricken off." The same conclusion was arrived at by Judge Ryan in Dayhoff *v.* Masland, 29 Dist. R. 393, and there are some other cases to the same effect.

In the case of affidavits of defense, where a defendant is required to make affidavit of the facts constituting his defense, the rule has been established by the Supreme Court that a party must make affidavit as to the facts, if they are within his knowledge, absolutely, or, if he relies upon information, he may allege them upon information and belief, together with an averment of his expectation of proving them: Newbold *v.* Pennock, 154 Pa. 591; Wakely *v.* Sun Ins. Office, 246 Pa. 268; Mendenhall *v.* Jackson, 268 Pa. 123. It is

claimed that, by analogy, the same rule should be applied to the plaintiff's statement. I confess I can see but little merit in this contention, for the only effect that it brings about is delay in the trial of the case. However, there ought to be some uniformity in practice, and on this account only, I am constrained to follow the rule thus laid down.

The rule is, therefore, made absolute and the plaintiff's statement is stricken off, with leave to file a new statement in accordance with this opinion.

From George Ross Eshleman, Lancaster, Pa.

NOTE.—See following case.