Lit Brothers, Appellant, v. Honeywell et ux.

Argued October 7, 1936.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, James and Rhodes, JJ.

*Albert Loeb Katz*, for appellant.

*Abram Orlow*, of *Orlow & Orlow*, for appellees.

Opinion by Rhodes, J., December 11, 1936:

Plaintiff instituted an action in assumpsit against Ernest Honeywell and Margaret Honeywell, his wife, for goods alleged to have been sold and delivered to them. Plaintiff's statement set forth that the goods were purchased on a coin issued by plaintiff to wife defendant and charged to her, and that husband defendant was liable because the goods so sold and delivered were necessaries. Defendants filed an affidavit of defense raising questions of law. Plaintiff was given leave to file an amended statement of claim. In the amended statement of claim, plaintiff does not aver that the goods were furnished as necessaries, but alleges that defendants were liable for the goods sold and delivered to them, and that all the merchandise so sold and delivered was charged to husband defendant. The amended statement of claim also sets forth that a portion of the charges for the goods alleged to have been sold and delivered to defendants was made upon

the presentation of the coin issued by plaintiff. It is also averred that wife defendant agreed in writing to compensate plaintiff for all purchases made by the use of said coin. That agreement, attached to and made part of plaintiff's amended statement, is as follows: "I hereby acknowledge receipt of identification coin No. 131483 which is the property of Lit Brothers, and I agree that all merchandise delivered on presentation of this coin will be paid for by me on their usual terms of full settlement each month. Mrs. E. W. Honeywell (L. S.) Address—3141 Barnett St. Date 1/11/31"

Plaintiff's amended statement of claim also shows that eighteen of the twenty-nine purchases in question were made by presentation of the coin by parties other than defendants, but that the same were charged to husband defendant. The remaining eleven purchases were made by wife defendant and charged to her.

The court below held that the amended statement of claim showed no cause of action against husband defendant, and entered judgment in his favor. Plaintiff then appealed.

Wife defendant received the coin from plaintiff and agreed in writing to be responsible for all charges made thereon. It is not averred by plaintiff that husband defendant ever had the coin, or that he had anything to do with the purchases made by the use thereof by others and charged to him, or that he purchased, authorized to be purchased, or received any of the goods involved in this action. Wife defendant's promise in writing to pay plaintiff for purchases made on the coin was her original undertaking, and she was individually liable therefor notwithstanding any prior transactions between plaintiff and husband defendant.

For the purchases made by and charged to wife defendant, she was solely liable. She was acting as principal and not as agent. Had she purchased neces-

saries for herself or her family, she would have presumably been acting as her husband's agent. See *Strawbridge & Clothier, Inc., v. Shecter,* 92 Pa. Superior Ct. 61. There was no such averment in the amended statement of claim, but it affirmatively appears that she contracted in her own name, and that the credit for the goods so purchased was given to her alone. See *Kind v. Bodek,* 68 Pa. Superior Ct. 517. The general averments of the amended statement of claim conflict with other averments therein and with the exhibits attached thereto. The latter consist of the agreement on the part of wife defendant, the sales slips, and charges. The construction of the exhibits attached to the amended statement of claim was for the court. *Munhall v. Travelers' Insurance Co.,* 300 Pa. 327, 331, 150 A. 645, 647.

The action of the court below is sustained. Judgment is affirmed.