## McCorkle v. Ancerawicz

*George B. Reimensnyder*, for plaintiff.
*J. A. Welsh*, for defendant.

MORGANROTH, P. J., June 30, 1937.—The use-plaintiff filed its statement of claim signed "Tri-County Lumber Co., use plaintiff, by I. H. Hudson, President, attest M. N. McCausland, Secretary," and claimed on a check made by defendant to the order of William McCorkle and endorsed by McCorkle to the use-plaintiff.

The affidavit of the statement is as follows:

"State of Pennsylvania, County of Philadelphia, ss: Being duly sworn according to law, M. N. McCausland, treasurer of the Tri-County Lumber Co., doth depose and say, that he is treasurer of the Tri-County Lumber Co. and that he is informed and has knowledge of the facts set forth in the foregoing plaintiff's statement of claim, and that they are true and correct to the best of his knowledge and belief, and that he is authorized to make this affidavit."

Defendant filed an affidavit of defense raising questions of law, and asks for judgment because there is no averment in the statement where the use-plaintiff has its

place of business, or whether it is a corporation or partnership, and because the verification of the statement is insufficient, for the reason that the facts are sworn to the best of affiant's knowledge and belief, and not that they are true and correct or that plaintiff expects to be able to prove them upon the trial of the case.

Plaintiff company should aver in its statement whether it is a partnership or a corporation and should aver its place of business. This is especially essential in order to determine whether or not it is a foreign corporation, as defendant has the right to raise the question whether or not a foreign corporation suing in Pennsylvania shall be required to enter security for payment of costs: Rules of Court XV.

The affidavit is not in proper form. An affidavit to a statement of claim which reads, plaintiff, "being duly affirmed according to law, deposes and says that the facts set forth in the foregoing statement of claim are true and correct to the best of his knowledge and belief," is not in proper form under the Practice Act of May 14, 1915, P. L. 483, sec. 9, which requires that the statement of claim "shall be sworn to by the plaintiff or some person having knowledge of the facts". This means that if the affidavit be made by plaintiff and the facts be within his knowledge the affiant's declaration should be an absolute one. If made upon information and belief, there should be included in the affidavit the further declaration of the affiant's expectation of ability to prove them upon the trial: Dayhoff v. Masland, 29 Dist. R. 393.

An affidavit of defense is fatally defective so far as concerns allegations made upon information and belief only, unless accompanied by an expectation of ability to prove them on the trial of the case: Mendenhall, Admx., v. Jackson, Admr., et al., 268 Pa. 123, 124. To the same effect: Cohen v. Snyder, 30 Dist. R. 1008; Hasler & Co., Inc., v. Forde Const. Co. et al., 10 D. & C. 641; Lower Merion Twp. v. Vila et ux., 12 D. & C. 517; Acker v. Creswell, 13 D. & C. 527; Musser v. Fehr, 13 D. & C. 628.

Defendant also gives as reasons for judgment in his favor: "because plaintiff's statement of claim is incomplete, uncertain, and does not set forth the cause of action against the defendant"; and "because there are no allegations in the use-plaintiff's statement of claim which warrant the recovery against the defendant in this proceeding".

These reasons are insufficient to challenge plaintiff's statement as not setting out a good cause of action. It is requisite in order to attack the statement successfully that the affidavit of defense specify the grounds of the objection: 4 Standard Pennsylvania Practice, 77.

The statement must, however, be stricken off for the reason that plaintiff does not set out whether it is a partnership or corporation, and does not set out its place of business, and for the further reason that the affidavit is insufficient.

And now, June 30, 1937, plaintiff's statement of claim is stricken off, with leave to plaintiff to file a sufficient statement, in accordance with this opinion, within 15 days.