## Brick v. Kapner

*James E. Gallagher*, for plaintiff.
*Edward Unterberger*, for defendant.

SMITH, P. J., February 24, 1938.—Plaintiff filed his statement of claim averring that he is a certified public accountant; that on or about February 1, 1935, he was engaged by Jacob Snyder, a public accountant and duly

authorized representative of defendant, to assist in the preparation of defendant's income tax return and to analyze defendant's investments for the purpose of determining the extent of depreciation that could properly be claimed by defendant; that during March of 1935 and at numerous other times defendant called at plaintiff's office and discussed the work which plaintiff had done and contemplated doing in connection with defendant's tax return and defendant ratified and approved the services which plaintiff had rendered and authorized the continuance thereof; that plaintiff supervised the preparation of the return and made an analysis and compilation of data supporting the same; that on February 19, 1936, at the request of defendant, plaintiff was present at the field examination of the return and thereafter engaged in numerous conferences with defendant, with defendant's representative Snyder, with defendant's counsel, and with agents of the Department of Revenue; that plaintiff devoted himself to said employment at the request of defendant and defendant's representative Snyder, with the knowledge and consent of defendant and for defendant's benefit, and by reason of such services defendant became liable to plaintiff for the reasonable value of plaintiff's services; that plaintiff devoted approximately 88 hours, or the equivalent of 13 days, to such work and claims therefor at the rate of $35 per day. The verification to the statement of claim is on information and belief. In the exhibit attached to the statement is a record of the time plaintiff spent on defendant's case, beginning as of April 9, 1935, and itemized as to 48 hours, and approximated as to an additional 40 hours for work prior to April 9, 1935.

Defendant filed an affidavit of defense raising questions of law, setting forth that the statement is insufficient because: (1) Made on information and belief; (2) the claim is based on an approximation of labor; (3) the claim is based on an arbitrary sum per day without any

averment as to what calculation is used to arrive at such conclusion.

Objections to the form and not substance of a statement should be raised by a motion to strike off the statement or rule for a more specific statement, not by an affidavit of defense raising questions of law. In Duggan v. Duggan, 291 Pa. 556, 559, Mr. Justice Simpson said:

". . . if defendant thought it [statement of claim] did not conform to the requirements of the Act of May 14, 1915, P. L. 483, he should have moved to strike it off as provided by section 21 of that statute, as amended immaterially by the Act of May 23, 1923, P. L. 325; if he was of opinion that it did conform thereto, but was not sufficiently specific, he should have taken a rule for a more specific statement, followed by a motion for a nonpros, if the rule was made absolute and was not complied with: Rhodes v. Terheyden, 272 Pa. 397."

The sufficiency of a statement of claim as to form may not be raised by an affidavit of defense raising questions of law: Gunster et al. v. Prawdzik et al., 33 Lack. Jur. 136. In Rhodes v. Terheyden et al., 272 Pa. 397, Mr. Justice Simpson said:

"The question to be decided under section 20 of the act [May 14, 1915, P. L. 483], which provides only 'a substitute . . . for the common law demurrer' (Hutchinson Baking Co. v. Marvel, 270 Pa. 378, 381), is not whether the statement is so clear, in both form and specification, as to entitle plaintiff, without amendment, to proceed to trial, but whether, upon the facts averred, it shows, as a 'question of law', that plaintiff is not entitled to recover."

While the proper method under the Practice Act of May 14, 1915, P. L. 483, of testing the sufficiency of a statement is by a motion to strike off and not statutory demurrer, yet where a demurrer has been filed the court may treat it as a motion to strike off: Williams v. Keefe,

15 Del. Co. 451; Collello v. Darras et al., 2 Wash. Co. 14; Sorrick v. Scheetz, 33 Lanc. 401; Barto v. Shaffner, 9 Berks 20. We therefore shall treat defendant's affidavit as a motion to strike off the statement.

Section 9 of the Practice Act, supra, provides that the statement of claim: ". . . shall be sworn to by the plaintiff or some person having knowledge of the facts". This provision is also contained in Rule 45 of the Common Pleas Courts of Philadelphia County. As was said by Ryan, P. J., in Dayhoff v. Masland, 29 Dist. R. 393, 395, construing section 9 of the Practice Act:

"If the affidavit be made by the plaintiff and the facts are within his knowledge, the affiant's declaration should be an absolute one, viz., that they are true. If made upon information and belief, there should be included in the affidavit the further declaration of the affiant's expectation of being able to prove them upon the trial."

The Practice Act, sec. 12, provides in the same language for affidavits of defense as for statements of claim, except the word "defendant" is used instead of "plaintiff", and in the case of Newbold v. Pennock, 154 Pa. 591, 597, Mr. Justice Mitchell said:

"Such defence must be specifically set up by the affidavit, and the established and approved form in which this should be done, is either to set forth the facts themselves affirmatively for the court to judge of, or if the affiant cannot state them of his own knowledge, that he is *informed, believes and expects to be able to prove* them."

In Munhall v. Travelers Ins. Co., 300 Pa. 327, 332, Mr. Justice Schaffer said:

"Averments made upon information and belief are defective unless accompanied by an averment of expectation of ability to prove them at the trial of the case: Mendenhall v. Jackson, 268 Pa. 123; Wakely v. Sun Insurance Co., 246 Pa. 268, 275; McLennen v. Public Utilities Co., 245 Pa. 567."

If plaintiff has knowledge of the facts as averred in his statement of claim he should state them to be true and correct; if he has not such knowledge, he should in his verification on information and belief state that he expects to be able to prove said facts at the trial of the cause.

Defendant also objects to the approximation of 40 hours which plaintiff alleges he devoted in conference and study of the tax laws on defendant's problem prior to April 9, 1935. This is a lumping charge and as such is not permissible. The lumping of charges without any certainty or particularity is not sufficient: Ruch & Co. v. City of York, 18 Dist. R. 1055. In a suit to recover a specific sum as compensation, for drawing plans and specifications, the statement should aver that the work was to be done for a lump sum, or contain an itemized statement showing the amount due for each branch of the work: Krotee v. McGinley, 10 Del. Co. 55. Plaintiff's approximation of forty hours is a mere guess which also is not permissible. Compensation therefor is not such damage as is contemplated by the rule: ". . . where it is certain that damage has resulted, mere uncertainty as to the amount will not preclude the right of recovery": 8 R. C. L. 441, sec. 13; Darlington v. Bucks County Public Service Co., 303 Pa. 288, 293. Defendant is entitled to know with whom and where the appointments of plaintiff were held and how long each lasted, in order to enable defendant properly to reply thereto. Damages are not presumed and plaintiff must prove his loss with a fair degree of certainty. It would be reversible error for a court to submit to a jury plaintiff's estimates which are mere conjectures: Schoenberger v. James, 104 Pa. Superior Ct. 177. The statement of claim must show the amount claimed with certainty. Where the items of claim are declared to be "nearly as follows" the statement is not sufficient: Ide, Admr., v. Booth, 5 Luz. L. R. Rep. 469, 7 Lanc. 205.

Defendant also objects to the sum of $35 per day charged by plaintiff for his services because there was no averment as to what calculation was made to arrive at such sum. This is a matter of proof at the trial of the cause as to whether plaintiff's charges are fair and reasonable.

Although not set forth in defendant's affidavit of defense raising questions of law, from the statement of claim it would appear that plaintiff is suing on a quantum meruit. No demand and refusal is set forth in the statement; neither is there any actual promise to pay set forth. In Witten v. Stout, Exec., 284 Pa. 410, 412, Mr. Chief Justice Moschzisker said:

"Plaintiff averred an express contract to give her specified compensation, and her statement of claim is drawn on that theory; at the same time, she claimed the value of her services, possibly with an intent to bring herself within the class of cases governed by the rule . . . the plaintiff must aver and prove the contract, and either its full performance (Kelly v. Foster, 2 Binney 4; Harris v. Ligget, 1 W. & S. 301; Eckel v. Murphey, 15 Pa. 488, 493; Brown v. Foster, 51 Pa. 165; McManus v. Cassidy, 66 Pa. 260, 263), or its partial performance with a proper legal excuse for the failure to perform in full: Alexander v. Hoffman, 5 W. & S. 382; Moorhead v. Fry, 24 Pa. 37; Phila. v. Tripple, 230 Pa. 480. . . .

"Unless, by amendment or otherwise, there is a clear averment in the statement of claim showing a plain intention to plant plaintiff's case on a pure quantum meruit basis, the rule (correctly set forth by Judge Landis in Wolf v. Yeager's Exrs., 20 Lancaster L. Rev. 67) controls, that, where one claims on an express contract to pay a fixed compensation, he cannot, on failure to prove the contract, entitle himself to recover by proving simply the value of services rendered, without showing an actual promise to pay."

*Order*

And now, to wit, February 24, 1938, plaintiff's statement of claim is ordered stricken off, with leave to the plaintiff to file an amended statement of claim.

Defendant's affidavit of defense raising questions of law, being improper, is discharged.