## Scaccia, etc., Admr., v. The Prudential Insurance Co. of America

*Thomas G. Gregory,* for plaintiff.
*Cortez Bell* and *E. J. Blatt,* for defendant.

HIPPLE, P. J., November 17, 1942.—This action is based upon two policies of life insurance executed and delivered by defendant upon the life of Raymond Scaccia, also known as Raymond Scott, each policy being dated March 16, 1936, and designated as Nos. 105-703-915 and 105-703-916. Policy No. 105-703-915 provides that upon receipt of due proof of death of the insured the sum of $310 will be paid to his executor or administrator, and in like manner Policy No. 105-703-916 provides for the payment of $186 to such executor or administrator.

Each policy contained a provision that upon receipt of due proof that the insured after attainment of the age of 15, and prior to the attainment of age 70, had sustained bodily injury solely through external, violent and accidental means, resulting in the death of the insured within 90 days from the date of such bodily injury while the policy was in force, and where there was no default in the payment of premiums, defendant would pay in addition to any other sums due under each policy an accidental death benefit equal to the face amount of insurance stated in each policy.

Plaintiff filed a statement of claim alleging in paragraph 7 that "the plaintiff furnished the defendant with due proof that the insured sustained bodily injury solely through external, violent and accidental means which resulted in the death of said insured within ninety (90) days of the date of such bodily injury, to wit, on May 27, 1940"; in paragraph 8 it is alleged "the insured in his lifetime in all things performed the conditions and covenants stipulated in said policies"; and in paragraph 9 that "plaintiff has always from the time of the making of said policies of insurance performed all things on his part to be fulfilled according to the tenor and effect of said policies".

Upon petition of defendant a rule was granted to show cause why plaintiff should not be required to file a more specific statement of claim, defendant alleging

that the statement of claim was not sufficient: (1) Because it did not attach a copy of any notice or proof of death furnished defendant; (2) it contains no averments stating the nature and character of the circumstances which resulted in the death of the insured; (3) it is vague, indefinite, and lacking in particularity in that it avers conclusions and not facts, particularly the failure to aver the nature and character of the injuries resulting in the death of the insured, the time and place of the occurrence of such injury, the location and character of the same, or any medical or surgical treatment required as a result of such injuries, and lastly, that it does not allege that the policies were in full force and effect at the time of the accident in question, nor that the insured had made payment of the premiums required to be paid thereunder, except the general averment that the insured had performed all acts necessary to be done under the terms and conditions of the policies sued upon.

The matters relied upon by defendant in support of the rule for a more specific statement of claim are those of an affirmative defense, and are not required to be set forth in a statement of claim in a proceeding such as this. Section 5 of the Practice Act of May 14, 1915, P. L. 483, 12 PS §386, requires that "Every pleading shall contain, and contain only, a statement in a concise and summary form of the material facts on which the party pleading relies for his claim, or defense, as the case may be, but not the evidence by which they are to be proved, or inferences, or conclusions of law, and shall be divided into paragraphs numbered consecutively, each of which shall contain but one material allegation."

The statement of claim in this case is in full compliance with this provision. A written proof of death is not a part of the contract of insurance. On the contrary it is solely a matter of evidence, and need not be set forth or attached to the statement of claim: Rat-

kovic v. Metropolitan Life Insurance Co., 34 Dauph. 337.

Plaintiff here alleges in paragraph 7 that defendant was furnished "with due proof" that the insured died by reason of bodily injuries sustained solely through external, violent and accidental means, within the period of 90 days from the date of such bodily injuries as set forth in the terms of the policies.

All that plaintiff is required to set forth in his statement of claim are averments of fact upon which he bases his claim in a clear and concise manner. He should not include in his pleadings such evidential facts as will support these averments: General Credit Corp. v. Drumm, 7 Schuyl. Reg. 79.

The statement also avers that the insured in his lifetime in all things performed the conditions and covenants stipulated in the policies in question, and performed all things on his part to be fulfilled according to the tenor and effect thereof.

This is a sufficient averment to include the payment of premiums required to be paid thereupon, because the payment of premiums by the insured is one of the conditions stipulated in the policies in order that they should not lapse, and if the insured did not pay the premiums or if the policies were not in full force and effect at the time of the death of the insured such matters would be available to defendant as affirmative defenses, and should be so pleaded in its affidavit of defense.

Having alleged the death of the insured, the filing of due proofs of death with defendant and full compliance with the terms and conditions of the policies, we conclude that the statement of claim sufficiently alleges that the policies were in full force and effect at the time of the death of the insured, that insured complied with all the terms and conditions of the policies, including the payment of premiums, and that it is not necessary for a plaintiff in a suit such as this to set forth in detail

the nature and character of the injury which resulted in the death of the insured, or the time and place, or the location and character thereof, or the medical or surgical treatment required.

If the proofs of death were delivered to defendant within the time stipulated in the policies as provided therein, and if the same were defective in any respect it was the duty of defendant to give immediate notice to plaintiff of any objections to the proofs of death, pointing out the defects of which defendant complained: Wakely v. Sun Insurance Office of London, 246 Pa. 268.

Such matters are within the knowledge of defendant as well as plaintiff and if defendant has knowledge of facts of such nature as to bar recovery defendant is required to allege them as an affirmative defense in its affidavit of defense.

We conclude, therefore, that the reasons advanced for a more specific statement of claim have no merit, and therefore the following order is made:

### Order

And now, November 17, 1942, the rule to show cause why a more specific statement of claim should not be filed is hereby discharged, and defendant is permitted to file its affidavit of defense within 15 days from the date hereof.