## J. R. Watkins Co. v. Keefer et al.

*J. Manley Robbins*, for plaintiff.
*Lester G. Rarig*, for defendants.

KREISHER, P. J., May 29, 1943.—Plaintiff instituted suit against the defendants on a written contract. To the plaintiff's statement of claim defendants filed an affidavit of defense raising questions of law. There are numerous questions raised by the affidavit, some being objections to the form of the statement of claim, others being to the substance, and still others raising questions of fact. At the time of argument counsel for the defendants failed to press the objections to the matters of substance and fact, but relied almost solely on the objections to matters of form.

The allegations in the affidavit that the statement of claim is contradictory, vague, and uncertain, appear to be without merit when an examination is made of the statement of claim. Likewise, the allegations in the affidavit that the statement of claim fails to disclose that the plaintiff complied with the terms and conditions of the contract and did those things necessary as a condition precedent to the enforcement of any liability also appear to be without merit and need be given no further consideration, because from an examination of the facts averred we cannot say as a "matter of law" that the plaintiff is not entitled to recover.

Defendant does press the contention that the statement is insufficient because the affidavit attached to the statement of claim is made on information and belief, and fails to declare the affiant's expectation of being able to prove the facts alleged in the statement of claim upon the trial of the case.

Counsel for plaintiff contends this objection is a matter of form and therefore should have been raised by a motion to strike off. In the case of Brick v. Kapner, 31 D. & C. 525, at page 527, the court said:

"While the proper method under the Practice Act of May 14, 1915, P. L. 483, of testing the sufficiency of a statement is by a motion to strike off and not statutory demurrer, yet where a demurrer has been filed the Court may treat it as a motion to strike off: Williams v. Keefe, 15 Del. Co. 451; Collello v. Darras, et al., 2 Wash. Co. 14; Sorrick v. Scheetz, 33 Lanc. 401; Barto v. Shaffner, 9 Berks 20. We therefore shall treat defendant's affidavit as a motion to strike off the statement."

Likewise, we shall treat defendants' affidavit as a motion to strike off the statement.

The affidavit to the statement of claim in this case reads as follows:

"State of Minnesota  
County of Winona } ss.:

E. L. King, Jr., being duly sworn according to law, deposes and says that he is Vice President of The J. R. Watkins Company, plaintiff above named; that he has been duly authorized by plaintiff corporation to make this affidavit for and on behalf of the said corporation, and furthermore, that the facts set forth in the foregoing Statement of Claim are true and correct to the best of his knowledge, information and belief.

E. L. KING, JR.

Sworn to and subscribed before me this 5th day of May, A. D. 1942.

J. M. HENRY,  
(Notarial Seal)                    *Notary Public*,  
Winona, Winona County, Minnesota.  
My commission expires June 27, 1944."

In the case above cited the same question was raised with regard to the affidavit to the statement of claim as we have in the case at bar, and there the court said, at pages 528 and 529:

"Section 9 of the Practice Act, supra, provides that the statement of claim: '. . . shall be sworn to by the plaintiff or some person having knowledge of the facts'. This provision is also contained in Rule 45 of the Common Pleas Courts of Philadelphia County. As was said by Ryan, P. J., in Dayhoff v. Masland, 29 Dist. R. 393, 395, construing section 9 of the Practice Act:

" 'If the affidavit be made by the plaintiff and the facts are within his knowledge, the affiant's declaration should be an absolute one, viz., that they are true. If made upon information and belief, there should be included in the affidavit the further declaration of the affiant's expectation of being able to prove them upon the trial.'

"The Practice Act, sec. 12, provides in the same language for affidavits of defense as for statements of claim, except the word 'defendant' is used instead of 'plaintiff', and in the case of Newbold v. Pennock, 154 Pa. 591, 597, Mr. Justice Mitchell said:

" 'Such defence must be specifically set up by the affidavit, and the established and approved form in which this should be done, is either to set forth the facts themselves affirmatively for the court to judge of, or if the affiant cannot state them of his own knowledge, that he is *informed, believes and expects to be able to prove them.*'

"In Munhall v. Travelers Ins. Co., 300 Pa. 327, 332, Mr. Justice Schaffer said:

" 'Averments made upon information and belief are defective unless accompanied by an averment of expectation of ability to prove them at the trial of the case: Mendenhall v. Jackson, 268 Pa. 123; Wakely v. Sun Insurance Co., 246 Pa. 268, 275; McLennen v. Public Utilities Co., 245 Pa. 567.'

"If plaintiff has knowledge of the facts as averred in his statement of claim he should state them to be true and correct; if he has not such knowledge, he should in his verification on information and belief state that he expects to be able to prove said facts at the trial of the cause."

We conclude, therefore, the plaintiff's statement of claim as it now reads should be stricken off.

And now, to wit, May 29, 1943, plaintiff's statement of claim is ordered stricken off, with leave to the plaintiff to file an amended statement of claim.

Defendants' affidavit of defense raising questions of law, being improper, is discharged.