·CHRIS WILKEN ET AL., APPELLANTS, V. CAPITAL FIRE IN-
SURANCE COMPANY, APPELLEE.

FILED MAY 13, 1916. No. 18631.

1. **Principal and Agent:** ACTS OF SUBAGENT: WHEN BINDING ON PRIN-
CIPAL. An agent appointed for a specific duty is not authorized to
appoint subagents for the transaction of the business of his prin-
cipal, but may delegate to a subagent the execution of merely me-
chanical, clerical, or ministerial acts involving no judgment or dis-
cretion, and such acts of the subagent so authorized are regarded
as the acts of the agent who authorizes them, and are binding
upon the principal.

2. **Insurance:** ACTS OF SUBAGENT: LIABILITY OF INSURER. A duly au-
thorized agent of an insurance company sent an application for
insurance in a specified amount upon specified property to a bank
to be executed by the owners of the property. The owners of the
property signed the application and left it with the bank to be
˙returned to the agent. The bank through some oversight failed
to return the application to the agent for more than ten days.
In the meantime the property was destroyed by fire, and the in-
surance company refused to pay the loss solely because the appli-
cation had not been received and approved and a policy issued
before the fire occurred. *Held*, that the delay of the bank in for-
warding the application must be considered as the act of the agent,
for which the company is responsible,·and that the question of the
liability of the company for failure to duly act upon the applica-
tion was for the jury.

APPEAL from the district court for Gage county: LEAN-
DER M. PEMBERTON, JUDGE. *Reversed*.

*Hazlett & Jack* and *Walter Vasey*, for appellants.

*G. E. Hager, contra.*

SEDGWICK, J.

The plaintiffs bought of Nichols & Shepard Company,
at its office in Lincoln, a threshing machine outfit. The
machine was shipped to them at Adams, Nebraska, and
received there about the 23d of June, 1913. The agree-
ment was that the machine should be paid for by a note

signed by the plaintiffs.  A note for their signature, with other papers, was sent to the Farmers State Bank of Adams by Miss Sherman, a bookkeeper in the office of Nichols & Shepard Company, at Lincoln.  With these papers she sent them an application for insurance upon the property in the defendant company.  The plaintiffs signed the application for insurance, and also executed a note for the premium, and left the papers at the bank to be forwarded.  Afterwards the property was destroyed by fire, and the company refused to pay the loss, on the ground that the application had not been approved and no policy had been issued.  The plaintiffs brought this action in the district court for Gage county, alleging that they were damaged by the negligence of the defendant company in not acting upon the application and issuing the policy. The trial court instructed the jury to find a verdict for the defendant, and the plaintiffs have appealed.

It appears that Miss Sherman, the bookkeeper of the Nichols & Shepard Company, was the authorized agent of the defendant insurance company to take applications for insurance upon threshing machines sold by the Nichols & Shepard Company, and to forward those applications to the defendant insurance company.  The papers with the application for insurance were received at the bank about the 23d day of June, 1913, and very soon thereafter all of the plaintiffs, who were all of the purchasers of the threshing machine interested in the insurance, except two, signed the application.  The evidence fairly shows that these two also signed the application as early as the 15th of July.  The fire occurred on the 26th of July, and the bank, being notified of the destruction of the property by fire, immediately forwarded the application to Miss Sherman, the company's agent.  She filled the blanks in the application correctly describing the property, and also filled other blanks, and forwarded the application to the defendant company.  The company returned the application, denying any liability because the application had not been approved and no policy had been issued.  It is not

contended that there was any defect in the application, or that the blanks had not been filled and the application completed by Miss Sherman, as contemplated by the parties. It is insisted on behalf of the defendant company that the bank was not its agent, and that no liability existed on the part of the company because of the negligence of the bank. It is undoubtedly true that the company's agent was not authorized to appoint a subagent for the company for the transaction of the company's business, but as is said in 31 Cyc. 1428: "Having exercised his discretion and determined upon the propriety of an act, an agent may delegate to a subagent the execution of merely mechanical, clerical, or ministerial acts involving no judgment or discretion; and the acts of such a subagent, to whom such power and authority have been delegated by the agent, are regarded as the acts of the agent himself, and are therefore as such binding on the principal." It is clear that the delay of the bank in returning the application after it had been duly executed must be considered as though the delay had been by Miss Sherman herself after she had received the application from the bank. The evidence shows that the plaintiffs were responsible men. Their note was good, and the risk was a desirable one for the company. The defendant company declined liability solely upon the ground that the application had not been approved and the policy issued, and there was no attempt to show that the risk was an undesirable one or would not have been accepted if the application had been duly received.

A similar case was recently decided by the supreme court of Iowa. That court in quite an exhaustive opinion held the insurance company liable under very similar conditions. In that case the agent of the insurance company told the applicant for insurance that the notes given for the insurance would be returned if the application was rejected. The applicant then called upon the company's physician and was examined, and was informed that he had passed a satisfactory examination. The company's agent had been in the habit of calling on the physician for the

application with the examination, and the physician accordingly left these papers on his desk for the agent; but the agent neglected to call for the papers until the physician learned that the applicant had been drowned, whereupon the physician mailed the application to the company. The court said: "The association was bound by the acts of its agents and chargeable with any consequences that resulted from the failure of Rogers (the agent) to promptly forward the application and physician's report. In other words, if the association was under a duty to promptly act on the application and notify Duffy (the applicant), as we think it was, it cannot shield itself from the responsibility by the fact that the application and medical report had not been received by it and therefore it could not act. See *Northwestern Mutual Life Ins. Co. v. Neafus,* 145 Ky. 563. The possession of these by its agent had the same effect as if they were in the possession of the association at its home office. Assuming, then, that the application and medical report had been promptly forwarded by the agent, and that the application was not accepted or rejected within the time intervening prior to his death, it seems manifest that whether this was an unreasonable delay was for the jury to determine, and we so hold." The court then considered the question whether it was negligence on the part of the applicant in not seeing that the application was duly returned, and said: "The applicant had done all he could or was required to do in the matter. He had the right to assume that the application would be forwarded immediately after the medical examination and was so assured. * * * Moreover, about all he could have done was to withdraw his application and apply to another insurer for a policy, and this, one who has applied to a company of his choice would quite naturally hesitate to do. Under the circumstances, it cannot be said, as a matter of law, that the deceased was at fault in not stirring defendant to action by inquiry as to the cause of delay or in not withdrawing his application. At the most, this also was an issue appropriate for the determination of the jury.

\* \* \* We think the jury might have found that, in all reasonable probability, had the association passed upon the application, it would have been accepted. \* \* \* The association was actively soliciting members, and it seems to us that the record leaves little, if any, doubt but that, had the association ever passed on the risk, it would have been accepted and the certificate issued." *Duffie v. Bankers Life Ass'n,* 160 Ia. 19. The court then quoted from *Continental Ins. Co. v. Haynes,* 10 Ky. Law Rep. 276, as follows: "It is to be assumed that the company will accept the risk if advantageous to it, which it must be, if fairly and honestly contracted for, because that is the business in which it is engaged, and that is the object for which its agent acted; and, therefore, to allow it, under the reservation of the right to approve, to reject simply because a loss has occurred, would destroy the mutuality of the contract and inflict upon the party the misfortune he had provided against." In *St. Paul Fire & Marine Ins. Co. v. Kelley,* 2 Neb. (Unof.) 720, the action was upon an alleged contract of insurance. The agent had accepted payment of premium at less than the regular rate and the application was returned for that reason. The loss occurred before the required premium was received by the company. It does not appear whether the applicant had made the additional payment of premium. There was no question of negligence or wilful delay of the company in acting upon the application. The case is not in point.

The trial court, as a reason for the decision, stated upon the record that "Mr. Abbott (officer of the bank) had all his dealings with Nichols & Shepard Company until after the fire; he didn't know anything about this woman (the agent) at all until after the fire, and, as far as I can see, this woman did not have anything to do with this thing until after the fire." This refers to the fact that the letter in which the application was sent to the bank by Miss Sherman included also the papers between plaintiffs and the Nichols & Shepard Company and purported to be written by the latter named company. This reason does not appear

to us to be controlling. It is not denied that Miss Sherman was the authorized agent of the defendant company. Indeed, it was so alleged in the defendant's answer. As such agent she inclosed the application in behalf of the defendant company. She entrusted to the bank a mere mechanical duty that any one could have performed for her, and the conduct of the bank in performing that duty must be considered as the act of Miss Sherman as the company's agent. The issues should have been submitted to the jury with proper instructions.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.

LETTON, ROSE and FAWCETT, JJ., dissent.