(No. 13421.—Judgment affirmed.)

LOYD BRADLEY, Admr. Plaintiff in Error, *vs.* THE FEDERAL LIFE INSURANCE COMPANY, Defendant in Error.

*Opinion filed December 21, 1920.*

1. INSURANCE—*administrator cannot sue insurance company for damages for its agent's delay in forwarding intestate's application.* The administrator of an applicant for accident insurance cannot sue the insurance company for damages due to the delay of its agent in forwarding the application, whereby the policy was not issued before the death of the applicant, as no cause of action accrued to the deceased against the insurance company and none survived to his administrator.

2. PLEADING—*when the failure to plead in abatement does not waive question of right to bring suit.* If no cause of action appears upon the face of a declaration in tort, failure to plead in abatement is not a waiver of the question of the right of the plaintiff to sue but the question may be raised by motion in arrest of judgment.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Jackson county; the Hon. WILLIAM N. BUTLER, Judge, presiding.

CHARLES E. FEIRICH, and OTIS F. GLENN, (LOYD BRAD-LEY, *pro se,* and LAWRENCE A. GLENN, of counsel,) for plaintiff in error.

C. A. ATKINSON, JOHN M. HERBERT, and L. R. STEWART, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This suit was an action on the case begun in the circuit court of Jackson county by plaintiff, Loyd Bradley, as administrator of the estate of W. H. Fraley, deceased, against the defendant, the Federal Life Insurance Company. The declaration consisted of two counts. The cause of action alleged in the first count is, that defendant, a corporation, is engaged in the business of insuring persons against accidental injuries and death resulting from such injuries, and employs agents to solicit and receive applications; that on May 2, 1917, F. G. Farnham, a duly authorized agent, solicited Fraley to make application for an accident policy with defendant; that Fraley did on said day make application for an accident insurance policy in the defendant company; that he signed and executed said application as directed by defendant's agent, Farnham, and paid the first payment, $7, which was the amount necessary to keep the policy in force three months from its date; that the application was for an accident insurance policy insuring Fraley in the sum of $5000 against death from accidental injuries; that the amount to be paid in case of Fraley's death from accidental injuries was $5000; that at the time the application was made Fraley was forty-six years old, in good health and a desirable and acceptable risk; that if the application and first payment had been forwarded to defendant's head office, in Chicago, within a reasonable time by its agent, a policy would have been issued to Fraley insuring him, which would have been in full force and effect at the time of his accidental injury and death; that

it was the duty of defendant's agent to Fraley and his estate to promptly forward the application and first payment to defendant's head office, in Chicago, which was distant 308 miles from Carbondale, Illinois, where the application was made and the premium paid, but that said agent neglected and failed to forward the application and payment to defendant's home office, as a result whereof no policy was ever issued to Fraley; that while walking along the right of way of the Illinois Central Railroad Company in the city of Carbondale, Fraley accidentally slipped and fell under a moving passenger train and received such injuries that he died June 29, 1917; that his injuries and death were effected solely, directly and independently of all other causes, through external, violent and purely accidental means, and were such injuries as would have been insured against in and by said policy so applied for by Fraley, and upon which he had made the first payment, had the same been forwarded to him by defendant, as was its duty to do. The second count alleges the same facts, and charges that defendant negligently failed to act upon the application within a reasonable time and either issue a policy or reject the application in sufficient time to enable Fraley to procure other accident insurance.

Defendant filed a general demurrer to the declaration, which was overruled, and it then filed pleas, the general issue and two special pleas. The first special plea was a plea of the tender of $7. The second special plea set out the receipt given by defendant's agent to Fraley acknowledging the receipt of the application and the first payment of $7 to keep the policy in force three months and agreeing to return to Fraley said payment if defendant declined to issue the policy within ten days. The receipt contained this sentence: "Applicants will please notify the company at Chicago, Illinois, should the policy not be received within ten days from date hereof." The plea then averred that Fraley negligently failed to notify defendant within ten days

that he had not received the policy, and further averred that had Fraley so notified defendant it would have notified him within a reasonable time of the acceptance or rejection of his application.

Demurrers were sustained to both special pleas and the cause was heard and submitted to the jury on the declaration and plea of general issue. A motion by defendant to direct a verdict in its favor was overruled and the jury returned a verdict for plaintiff for $5000. Defendant entered a motion, after verdict, to dismiss the suit for want of jurisdiction, which the court overruled. It also entered motions for a new trial and in arrest of judgment, which motions the court overruled and rendered judgment on the verdict for plaintiff. On appeal to the Appellate Court for the Fourth District that court reversed the judgment and did not remand the cause. This court granted a petition for a writ of *certiorari* to review the judgment of the Appellate Court.

It is to be observed that the action is not on a contract of insurance, for no policy was issued. The suit is in tort for the alleged negligence of defendant in failing to issue the policy within a reasonable time after its agent received Fraley's application and his first payment of premium. The theory contended for by plaintiff is that the declaration sets up facts showing neglect of defendant to perform a legal duty, which entitles plaintiff to recover in this action. Similar cases have been adjudicated in some other States but the question here involved has not been heretofore decided in this State. The Appellate Court disposed of the case upon the ground that no right of action survived on the death of Fraley, and did, as we understand the opinion, hold that no cause of action accrued to anyone on account of the accidental death of Fraley, who was instantly killed by a passenger train. Counsel for plaintiff say in their brief the declaration discloses that no cause of action accrued until the death of Fraley; that neither he nor his

estate sustained any injury until his death, which was instantaneous. If the death was caused by the wrongful act or negligence of a person or corporation an action accrued under our Injuries statute to the personal representatives of the deceased against the wrongdoer for the benefit of the widow and next of kin, but that statute, of course, has no application to the cause of action here alleged, which was not for the causing of the death of Fraley but for damages to his estate for failing to pass on his application for insurance before his death occurred. The question presented is not whether a cause of action accrued to Fraley and on his death survived to his administrator, for it is admitted no cause of action accrued to him. If no cause of action accrued to him, then to sustain the action it would be necessary to hold that the action accrued to the administrator. There is no statute under which it can be claimed the cause of action here sued on accrued to Fraley's administrator on his death. Neither under our statute on abatement nor under any other statute is it provided that a cause of action which never accrued to a person in his lifetime may survive to his administrator. (1 Corpus Juris, sec. 325.)

Plaintiff relies on *Duffy* v. *Bankers Life Ass'n,* (Iowa) 46 L. R. A. (N. S.) 25, and *Boyer* v. *State Farmers Mutual Hail Ins. Co.* 86 Kan. 442, (40 L. R. A. 164,) as being directly in point as supporting plaintiff's position, and cites some other cases as approving those decisions. In the *Duffy case* the action was brought by the wife of Joseph M. Duffy, who died July 9, 1911. A month before his death he applied to the insurance company for life insurance, signed an application naming his wife as beneficiary, and took the medical examination required, which he successfully passed. The application and report of the medical examiner were not forwarded to the insurance company's office until Duffy's death. The insurance company refused to pay the claim made, and the action was brought by his wife to recover it. The complaint alleged that de-

fendant's agent carelessly and negligently failed to send the application to the home office of the defendant after Duffy had been examined by its physician, in consequence of which negligence no policy of life insurance was issued; that if the application had been forwarded as soon as the applicant was examined by the company's physician a policy would have been issued to him and would have been in force at the time of his death, which occurred one month after he made the application. The question of the action accruing or surviving to the plaintiff does not appear to have been raised. The trial court directed a verdict for the defendant, and on appeal the Supreme Court of Iowa reversed the judgment. In the opinion, which it must be admitted supports plaintiff's position, will be found cited other decisions relied on by plaintiff and which are not here specifically mentioned. In some, at least, of them, while the court used language which appears to be in harmony with the *Duffy case,* the question was not involved for decision, for the action was on contract, and it is not and cannot be denied that the overwhelming weight of authority is that mere delay in passing upon an application for insurance cannot be construed into an acceptance by the insurer. In the *Boyer case* on July 7 Boyer applied for insurance on a growing crop of corn against damage by hail and gave his note in payment of the premium. The agent of the insurance company did not forward the application and note to the company until the night of July 10 and it was not received at the company's office till July 12 and a policy was issued that day. On July 11 a hail destroyed the crop and the company refused to pay the loss. The court in its opinion stated that the suit was not on a contract of insurance but was based on the negligence of the insurance company's agent in not forwarding the application and premium until too late to be of any benefit to the insured, and that the agent's negligence was the negligence of the company. The insurance company was held

liable. The difference between that case and the *Duffy case* and the case under consideration here is, that if any action accrued to anyone it accrued to Boyer in his lifetime, and the suit was prosecuted by him. *Northwestern Mutual Life Ins. Co.* v. *Neafus,* 145 Ky. 563, (36 L. R. A.—N. S.—1211,) was an action on an alleged contract of insurance, and we do not consider some things that were said in the opinion as pertinent to the question involved. In *Wilken* v. *Capital Fire Ins. Co.* 99 Neb. 828, the court followed the decision in the *Duffy case,* three justices dissenting, and in the later case of *Meyer* v. *Central States Life Ins. Co.* 103 Neb. 640, the same court declined to follow the *Wilken case* and held that an action of tort would not lie for a refusal to make a contract. In *National Union Fire Ins. Co.* v. *School District,* 122 Ark. 179, the Supreme Court held a cause of action for negligence could not be predicated upon mere delay in passing upon an application for insurance.

Whether Fraley, if he had not been instantly killed but had survived his injuries, would have had a cause of action for accidental injury under other provisions of the policy he applied for is not here involved, but in our view, under sound legal principles, no cause of action survived or accrued to his administrator on the facts alleged in the declaration.

Plaintiff contends that defendant should have raised the question of the right of plaintiff to maintain the suit by pleading in abatement, and that by pleading in bar after demurrer overruled the question was waived. If, as we hold, it appears on the face of the declaration that no cause of action accrued to Fraley, the question was not whether an action abated but whether a right of action accrued to his administrator. The objection might properly be raised on motion in arrest of judgment. We think the question was not waived.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*