W. R. PAGE, APPELLEE, v. NATIONAL AUTOMOBILE INSURANCE COMPANY OF LINCOLN, APPELLANT.

FILED OCTOBER 20, 1922.  No. 22103.

Insurance: LIABILITY. Evidence *held* insufficient to sustain a judgment in favor of plaintiff in an action to recover from a fire insurance company damages for failure to act within a reasonable time on an application for insurance.

APPEAL from the district court for Stanton county: ANSON A. WELCH, JUDGE. *Reversed and dismissed.*

*Richard F. Stout*, for appellant.

*George A. Eberly, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, ALDRICH, DAY and FLANSBURG, JJ.

ROSE, J.

This is an action to recover $1,500 in damages for negligence. The wrongs charged are failure of defendant to exercise proper care in preparing an application for fire insurance in the sum of $1,500 on a Republic automobile truck valued at $1,625 and negligence in failing to act on the application within a reasonable time. Plaintiff bought the truck August 14, 1919, and kept it at Stanton, Nebraska, where he resided. Defendant is a corporation engaged in writing automobile insurance at Lincoln, Nebraska, with a soliciting agent named W. J. Fechner at Stanton. On a form furnished by defendant with blanks partially filled by Fechner, plaintiff signed the application for a year's insurance November 11, 1919, Fechner reading questions and inserting plaintiff's answers. Plaintiff had forgotten the motor number and promised to furnish it, but did nothing further until November 18, 1919, when he gave Fechner the omitted number and a check for $13.50 to pay the premium. The motor number was then inserted in the application. Fechner cashed the check, retained a commission of $3.50 and mailed the application with a draft for $10 to defendant at Lincoln November 18, 1919. Both were received November 19, 1919, and the same day the draft was deposited in a bank to the credit of defendant. No policy was ever issued. Under date of November 28, 1919, defendant wrote its agent, Fechner, as follows:

"In reviewing the above application we note that you failed to advise us the date the Republic truck was purchased. Kindly let us have this information by return mail and we will issue the policy immediately."

The information thus requested was never furnished. The letter was received by Fechner November 29, 1919, but the truck had been destroyed by fire earlier in the day.

The facts narrated appear in the record without contradiction.

In the petition it is pleaded in substance, among other things, in connection with the facts charged, that the policy would have been issued and delivered before the fire except for the negligence of defendant.

In an answer to the petition defendant denied negligence on its part; set out the application; pleaded the failure of plaintiff to furnish information necessary to the writing of the fire insurance for which he applied; alleged defendant acted within a reasonable time in the regular course of business; denied liability for plaintiff's loss and offered to return the premium.

At the close of the testimony each party requested a peremptory instruction. In this situation the trial court excused the jury, found the issues in favor of plaintiff and rendered judgment in his favor for his loss, amounting with interest to $1,638.87. Defendant has appealed.

For the purposes of review plaintiff's case may be stated briefly as follows: The fire insurance business is affected with a public interest. The insurer was charged with the duty of exercising proper care in preparing the application and of acting thereon within a reasonable time. Plaintiff's truck was insurable and the risk was desirable from the standpoint of an underwriter. The application contained all the data necessary to the issuance of a policy. The omitting of the date when the truck was purchased was attributable to defendant's agent who asked questions and wrote the answers. Plaintiff paid and defendant accepted the premium. There are three daily mails between Stanton and Lincoln. In the exercise of proper diligence in discharging its duty to plaintiff, defendant could have received and examined the application and delivered the policy in three days. The failure to take any action from November 19, 1919, when the application was received in Lincoln, until November 28, 1919, when demand was made for the date of purchase, was evidence of negligence. Except for the failure of defendant to discharge its duties to

plaintiff the policy would have been issued before the truck was destroyed by fire. The question of negligence was one of fact, under the principle announced in *Wilken v. Capital Fire Ins. Co.*, 99 Neb. 828. The foregoing is a mere outline of plaintiff's view of the law and the facts.

Assuming that the law is as stated by plaintiff and that the facts pleaded in his petition are sufficient to consti. tute a cause of action, but not now passing on either of those questions, the review of the record may be narrowed to a single assignment of error—the insufficiency of the evidence to sustain the judgment. Was defendant guilty of actionable negligence?

If the fire insurance business is affected with a public interest to the extent argued by plaintiff, a reasonable opportunity to negotiate for such business on lawful terms and to inquire into the facts on which insurance risks are based has not been lost. The application for fire insurance was part of the unsuccessful negotiations for an insurance contract. In preliminary transactions before the minds of the applicant and the insurance company meet on definite terms of insurance, both should contemplate an investigation resulting in all the information essential to an insurable risk and to reputable underwriting, since this is required by honesty and common sense. In such negotiations good faith on both sides is required. When plaintiff signed and delivered his application he made it his own instrument and he thus became chargeable with knowledge of and responsibility for its contents. It declared in bold type that the questions therein were to be answered in full. It showed on its face that the inquiry for the date of purchase was unanswered. This was a material fact to be considered with independent data for the purpose of determining the amount of insurance available to plaintiff and the nature of the hazard. Fechner was a soliciting agent without authority to enter into an insurance contract. On his part there is not even a suspicion of fraud or deceit. This is not an action on an insurance contract into which the parties deliberately entered, but is one

based on alleged wrongs—want of care in preparing the application and negligence in failing to act on it promptly. Considered solely from the standpoint of an actionable wrong, pending negotiations for a policy never issued, the defective application was plaintiff's document. It showed that defendant had demanded the omitted date of purchase. It implied inspection by defendant for the purposes of the risk, though the soliciting agent had not read the inquiry for the date of purchase. In an action based, not on a contract nor on a statutory right, but solely on negligence, plaintiff is chargeable with the consequence of his own acts in connection with the wrongs pleaded. On this phase of the case there is no evidence whatever to sustain a finding in favor of plaintiff.

Was the delay in acting on the application evidence of actionable negligence? The application was received at Lincoln November 19, 1919, and the new demand for the date of plaintiff's purchase of the truck was made November 28, 1919. One of the intervening days was Sunday, November 23, 1919. At most, therefore, there were eight working days between the receipt of the application and the request for further information. There is testimony that letters could have been exchanged within three days, making a delay of five days. Whether such a delay is evidence of actionable negligence depends on circumstances. If the public interest affecting the business of fire insurance extends to a case of this kind, plaintiff is on the same footing as other applicants similarly situated. Defendant was receiving daily many applications. Plaintiff was not a favorite entitled to have his application rejected or granted immediately without regard to the rights and business of others. The undisputed testimony is that applications containing all the information demanded are acted on first, requiring the time necessary to the issuance and delivery of policies; that defective applications required further examination and time, and that the application of plaintiff was acted on in the regular course of business, taking into consideration all applications. There is no evidence of

fraud or bad faith on the part of defendant. It seems clear that the mere delay under all the circumstances, taking into consideration the public interest with which the business of fire insurance is affected, the rights of other applicants, and the nature of the action, is not sufficient evidence of actionable negligence to sustain a judgment in favor of plaintiff. In *Wilken v. Capital Fire Ins. Co.*, 99 Neb. 828, cited by plaintiff, the application contained all information essential to the assuming of the risk, a material difference.

The payment and the conditional retention of the premium do not aid plaintiff's case. The record contains an offer to refund the amount paid. By the application plaintiff obligated himself as follows:

"I agree that the paying of a premium shall not bind the company unless the application is approved and the policy issued."

On these terms the premium was received and tendered back.

Under the evidence there is no theory on which plaintiff is entitled to a recovery. The judgment is therefore reversed and the action dismissed.

REVERSED AND DISMISSED.