# Zayc, Admr., Appellant, *v.* John Hancock Mutual Life Insurance Company of Boston.

Argued March 20, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*William S. Doty,* with him *Thomas A. Thornton,* of *Doty & Thornton,* and *Michael W. Huron,* for appellant.

*D. C. Jennings,* for appellee, was not heard.

*Vosburg & Vosburg,* for amicus curiæ, for intervenor.

OPINION BY MR. JUSTICE PATTERSON, May 6, 1940:

The question for determination on this appeal is whether an insurance company is liable in an action ex delicto for neglect or unreasonable delay in acting upon an application for insurance where but for such delay the application would have been approved and the insurance issued in time to have protected the applicant against a loss which occurred to his damage during the period of such unreasonable delay.

Appellant, John Zayc, administrator of the estate of Jacob Zayc, deceased, instituted a trespass action against the John Hancock Mutual Life Insurance Company of Boston, appellee, to recover damages claimed to have been sustained by his decedent, Jacob Zayc, as a result of appellee's failure to act upon an application for life insurance within a reasonable time. The statement of claim averred that on June 25, 1931, Jacob Zayc made application to an agent of the appellee insurance company for a twenty payment life insurance policy in the sum of $2,000, with double indemnity provision, and that he paid four dollars as a deposit on the first premium; that after June 25, 1931, Zayc was interviewed by agents of other companies, but, relying upon an alleged custom of insurance carriers to accept or reject applications within a reasonable time, the application made by him with appellee's agent, and appellee's retention of his deposit, he refrained from making any other application; that appellee did not reject or refuse the application on or before August 24, 1931, on which date Zayc was accidently killed, and did not theretofore offer to return his four dollar deposit; and that by reason of the negligence of appellee in failing to advise Zayc within a reasonable time that a policy would or would not be issued, he was deprived of life insurance protection which he otherwise would have had.

Appellee filed an affidavit of defense in the nature of a statutory demurrer, asserting that the statement of claim failed to set forth a cause of action. The court below overruled the demurrer saying *(Zayc v. John Hancock Mutual Life Ins. Co.*, 30 D. & C. 34), "Irrespective of whether a contract is completed, it is the duty of an insurance company to act without unreasonable and negligent delay upon an application for insurance where part of the premium has been paid to the company at the time the application is made. In this pioneering case in our State, we are of the opinion that the plaintiff's statement of claim presents a good cause of action

in trespass." The court directed that appellee file an affidavit of defense on the merits, which it did, denying that Zayc had applied for insurance, but admitting that his mother, Mary Zayc, who was also to be named beneficiary, had made such an application and that at the time she had paid to an agent for appellee the sum of four dollars as a deposit on account of the first premium. The case went to trial, and, at the close of appellant's evidence, appellee moved for compulsory non-suit. This motion was denied, whereupon appellee rested, without offering any testimony, and submitted a point for binding instructions, which was likewise refused.

The jury brought in a verdict for appellant in the sum of $2,881, the face amount of the policy plus interest less the amount of the first premium. Appellee filed a motion for judgment non obstante veredicto. After a reconsideration of the position taken by it in overruling appellee's statutory demurrer, the court below granted this motion and entered judgment for appellee on the ground that the company's delay in acting upon the application did not constitute actionable negligence, and on the further ground of material variance in that whereas appellant's statement of claim averred an application by Jacob Zayc, its proof showed an application by his mother, Mary Zayc. From judgment so entered the present appeal was taken.

It is the established rule in Pennsylvania, as in most jurisdictions, that mere delay, however great, in passing upon an application for insurance cannot be construed as an acceptance thereof by the insurer which will support an action ex contractu, notwithstanding payment of the premium at the time application is made. "When, as here, it is plain that the application and payment of the premium amount only to a proposal for insurance, we cannot make a contract out of it. . . . The proposal and the premium advanced with it, go together. If the proposal be withdrawn, or rejected, the premium must be returned. At any time before acceptance of the pro-

posal, the plaintiffs could have withdrawn it, and demanded payment of the premium. They were never bound as by contract, and of course the defendants were not": *Insurance Co. v. Johnson*, 23 Pa. 72, 75. " 'An application for life insurance is not a contract. It is only a proposal to contract. . . . The payment of a premium when the application is signed does not bind the company.' *Travis v. Nederland Life Ins. Co.*, 104 Fed. 486, 488; *Cherokee Life Ins. Co. v. Brennum*, 203 Ala. 145, 82 So. 175; 1 Couch, Insurance, 146, section 84. The receipt of the premium and holding it until after the death of the applicant would not give rise to a contract of insurance: *Insurance Co. v. Johnson*, 23 Pa. 72; *Steinle v. N. Y. Ins. Co.*, 81 Fed. 489; *Dorman v. Conn. Fire Ins. Co.*, 41 Okla. 509, 139 Pac. 262; 51 L. R. A. (NS) 873, 875": *Munhall v. Travelers Insurance Co.*, 300 Pa. 327, 333. See also *Ripka v. Mutual Fire Ins. Co.*, 36 Pa. Super. 517, 526; Anno. 15 A. L. R. 1026.

But, appellant does not seek to enforce his claim for damage on any contractual basis. He asserts a right to recover on the theory that where an application has been made and there has been delay on the part of the agent in forwarding, or on the part of the insurance company in accepting or rejecting the application, such delay constitutes a tort. Manifestly appellant's attempt in this manner to hold the insurer responsible in damages for the amount of a policy because of delay, and thereby to accomplish by indirection that which the law has persistently refused to permit to be done directly, in an action ex contractu, cannot prevail, unless, independently of statute or contract, a legal duty devolved upon the insurance company either to accept or reject the application for insurance within a reasonable time. It is fundamental that negligence and liability therefor cannot be predicated upon a state of facts which does not impose any legal duty. "As a matter of course there can be no recovery in such a case, unless the defendant

was guilty of a breach of some legal duty which he owed to the plaintiffs. The foundation of the action is negligence, and the accusation of negligence is only made out by showing a breach of legal duty owing by the defendant to the plaintiffs": *McCauley v. Logan et al.,* 152 Pa. 202, 204. "A jury cannot be permitted to find anything negligent which is less than the failure to discharge a legal duty": *Bardis v. Phila. & Reading Ry.,* 267 Pa. 352, 355.

A number of jurisdictions where the question has arisen have found tort liability to exist, largely in reliance upon *Boyer v. State Farmers Mutual Hail Ins. Co.,* 86 Kan. 442, 121 Pac. 329, and *Duffie v. Bankers Life Ass'n Co.,* 160 Iowa 19, 139 N. W. 1087.[1] In the former, an insurance company was held liable for its agent's omission promptly to forward an application for hail insurance as a result of which no policy had been issued when the applicant's crops were destroyed. No reason was stated for the existence of the obligation to forward an insurance application other than that "there was sufficient danger to the plaintiff to be apprehended

[1] The doctrine of the Boyer and Duffie cases has been adopted in the following jurisdictions: Hawaii *(Carter v. Manhattan Life Ins. Co.,* 11 Hawaii 69), Nebraska *(Wilkin v. Capital Fire Ins. Co.,* 99 Neb. 828, 157 N. W. 1021. Cf. *Meyer v. Central States Life Ins. Co.,* 103 Neb. 640, 173 N. W. 578. and *Page v. National Automobile Ins. Co.,* 109 Neb. 127, 190 N. W. 213), Idaho *(Wallace v. Hartford Fire Ins. Co.,* 31 Idaho 481, 174 Pac. 1009), Oklahoma *(Security Ins. Co. v. Cameron,* 85 Okla. 171, 205 Pac. 151), North Carolina *(Fox, Admr., v. Volunteer State Life Ins. Co.,* 185 N. C. 121, 126 S. E. 226), Colorado *(DeFord, Admr., v. N. Y. Life Ins. Co.,* 75 Colo. 146, 224 Pac. 1049), Washington *(Dyer v. Missouri State Life Ins. Co.,* 132 Wash. 378, 232 Pac. 346), Wisconsin *(Kukuska v. Home Mutual Hail & Tornado Ins. Co.,* 204 Wis. 166, 235 N. W. 403. Cf. *Wallace v. Metropolitan Life Ins. Co.,* 248 N. W. 435), California *(Stark v. Pioneer Casualty Co.,* 34 Pac. (2d) 731. Cf. *Lucas v. Metropolitan,* 58 Pac. (2d) 934), Louisiana *(Harding v. Metropolitan Life Ins. Co.,* 188 So. 177), Alabama *(Royal Neighbors v. Fortenberry,* 214 Ala. 387), North Dakota *(Stearns v. Merchants Life & Casualty Co.,* 38 N. D. 524).

from delay in closing the transaction that a reasonably prudent business man, guided by the considerations which ordinarily regulate conduct, would have acted with diligence." In the latter case the view of the Boyer case that the insurance company was under a legal duty to act promptly was adopted, but because the company held a franchise from the state. On the other hand, the existence of the duty has been denied in a number of jurisdictions.[2] This sharp divergence of judicial opinion as to the existence of any duty upon which to predicate an action against an insurer for delay in dealing with an application requires that the legal principles involved, as well as the reasoning of those decisions which permit an action ex delicto to be asserted, be carefully examined.

The mere fact that a reasonably prudent business man would have acted with diligence is clearly not a satisfactory basis for imposing liability upon an insurer for delay in issuing a policy of insurance after the making of an application. As a general proposition it is true, as was said in *Bisson v. Kelly*, 314 Pa. 99, 110, that "It is a primary *social* duty of every person to take thought and have a care lest his action result in injuries to others" and that "This social duty the *law* recognizes and

---

[2] Mississippi *(Savage v. Prudential Life Ins. Co.,* 121 So. 487), Connecticut *(Swentusky v. Prudential Ins. Co.,* 116 Conn. 526), Minnesota *(Schliep v. Commercial Casualty Co.,* 191 Minn. 479, 254 N. W. 618; *Tjepkes v. State Farmers Mutual Ins. Co.,* 259 N. W. 2), West Virginia *(Thornton v. National Council,* 110 W. Va. 412, 158 S. E. 507), Indiana *(Metropolitan Life Ins. Co. v. Brady,* 95 Ind. App. 564), Arkansas *(National Union Fire Ins. Co. v. School District,* 122 Ark. 179, 182 S. W. 547; *Inter-State Business Men's Assn. v. Nichols,* 143 Ark. 369, 220 S. W. 477), Illinois *(Bradley v. Federal Life Ins. Co.,* 295 Ill. 381, 129 N. E. 171; *LaBarre v. Prudential Ins. Co.,* 2 N. E. (2d) 354), Texas *(American Life Ins. Co. v. Nabors,* 48 S. W. (2d) 459), Missouri *(Forck v. Prudential Life Ins. Co.,* 66 S. W. (2d) 983), Federal *(Munger v. Equitable Life Ins. Co.,* 2 Fed. Supp. 914 (Mo.). Cf. *Behnke v. Standard Accident Ins. Co.,* 41 Fed. (2d) 696, 699).

enforces, and for any injury resulting from any person's lack of elementary forethought the law holds that person accountable." However, this general proposition is not universal in its application. The law does not impose on persons in general a duty to act to save others from harm, but only in certain specific situations is there an affirmative legal obligation to act. And, as is pointed out in *Swentusky v. Prudential Ins. Co.*, 116 Conn. 526, 165 Atl. 686, the well established principle in the law of contracts that ordinarily a bare offer imposes no liability of any kind upon the person to whom it is made, unless and until it is accepted, necessarily excludes the operation of the broad doctrine of negligence in situations where it might possibly otherwise apply but for this principle.

The long established conception of the legal relations between an applicant for insurance and the insurer is that such relations are fundamentally the same as those between parties negotiating any other type of contract, and are to be tested and governed by the principles applicable to contracts in general. Thus, it is said in *Insurance Co. v. Johnson,* supra, "But it is said that the loss did not take place for near six months after the application, and that during all that time the defendants neglected to refund the money, and to notify the plaintiffs that their proposal was rejected. . . . What is the true effect of the delay? . . . A neglect or delay that has properly a tendency to mislead another, and which is incompatible with honesty, may be charged as a ground of liability. . . . But in this case the plaintiffs had in their own hands the power of correcting the delay; for undue delay in accepting a proposal may be and ought to be treated as a rejection of it, and the proposer may refuse to be bound by a tardy acceptance. A proposal not answered remains a proposal for a reasonable time, and is then regarded as withdrawn. Both parties are interested in its acceptance, and, both are expected to attend to it with reasonable diligence." More

recently, in *Munhall v. Travelers Ins. Co.*, supra, at 333, the present Chief Justice said: "As to the averments that defendant prepared and executed a written policy, and fraudulently refused to issue and deliver it, there is no legal significance in them. As the application was but an offer, the company was free to accept or reject it."

It is true that an insurance company acts under a franchise from the state, as does every corporation, and that it may be subjected to unusual supervision by the state in the conduct of its business *(Commonwealth v. Vrooman,* 164 Pa. 306). We are unable to perceive how these facts afford any legal justification for holding that such companies, any more than other specially chartered businesses which because they occupy not dissimilar relations to the public can be just as highly supervised and regulated, are under a duty to dispose promptly of all offers which they receive. Compare *Swentusky v. Prudential Ins. Co.,* 116 Conn. 526; *Savage v. Prudential Life Ins. Co.,* 121 So. 487; *Thornton v. National Council,* 110 W. Va. 412, 158 S. E. 507.

It has been suggested that it is socially desirable that an indemnity on specific contingencies be provided for all those who are eligible and desire it, and that insurance companies are so charged with this public interest as to justify the imposition upon them of a peculiar duty to protect those who apply to them for insurance. This may be and, indeed, perhaps some would regard it a salutary rule of law which would require all persons to whom solicited offers are made to treat them with reasonable care. Such factors as these, however, furnish no sufficient legal basis for the imposition upon insurance companies, by a court mindful of the limitations upon its proper functions, of duties or liabilities having no sanction in the established principles of law or in the statutes governing the business.

In view of our conclusion that there is no legitimate basis for imposing liability in a situation like that here

presented, it follows that the action of the court below in entering judgment non obstante veredicto for appellee was proper, and it is unnecessary to consider the question of variance. In this connection, however, it is noteworthy that, granting the existence of the duty, there is a lack of unanimity of opinion as to whom it is owed. The majority of jurisdictions allowing recovery hold that the estate of the applicant and not the named beneficiary in a life insurance policy is the proper party to sue. But, because of the anomalous results which this view produces in instances where the beneficiary is a third party, comparatively recent cases take the position that if there is a right of action, it is the beneficiary who should sue and recover. See *Thornton v. National Council,* and *Savage v. Prudential Life Ins. Co.,* cited supra.

Judgment affirmed.