CAROL HANSON, APPELLANT, V. CITY OF OMAHA, NEBRASKA, APPELLEE.

275 N. W. 2d 286

Filed February 13, 1979. No. 41896.

Mary Cannon Veed of Matthews & Cannon, P.C., for appellant.

Kent N. Whinnery, Deputy City Attorney, for appellee.

Heard before BOSLAUGH, CLINTON, and WHITE, JJ., and SPENCER, Retired Justice, and BARTU, District Judge.

WHITE, J.

The plaintiff for herself and 28 "card" employees of the City of Omaha brought this action against the City for additional pay due them for working on De-

cember 24, 1976, and on December 31, 1976. The action is based on Article XVIII of the employment contract of the City of Omaha, and the Omaha City Employees Union.

Section 1 of Article XVIII provides as follows: "SECTION 1 — The following, in addition to any other days designated by the Mayor, are holidays and shall be observed in accordance with the dates established by the Federal Government or otherwise designated by the Mayor.

"New Year's Day, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Veteran's Day, Thanksgiving Day, Christmas Day, Employees Birthday

"SECTION 2 — For those employees working under the card system, the holidays shall be observed in accordance with Section 1 hereof. * * *."

Card employees, as distinguished from regular employees of the City who regularly work a Monday to Friday 5-day week, work for 6 days and then receive 2 days off. The card employees generally consist of police and fire employees. The plaintiff and assignors are civilian police employees.

The parties concede that the federal government holiday designation for Christmas 1976 and New Year's 1977 were December 24 and December 31, 1976.

Unless other holiday dates were effectively designated by the mayor in accordance with section 1, the parties concede the plaintiff and her assignors, each of whom worked on December 24 and December 31, were entitled to pay of 1½ times regular pay instead of the regular pay received by them.

On November 22, 1976, the mayor of Omaha issued a proclamation that the city employees "will observe the preceding Fridays as their Christmas and New Year's holidays." The preceding Fridays were December 24 and December 31 respectively.

It became apparent to all concerned that the desig-

nation did not take into consideration the card employees and had the effect of being unfair to some of them. As a result, a conference was had between the mayor and assistant city attorney Thomas Young. Young, on December 3, 1976, issued a memorandum distributed to all city departments employing "card" employees to the effect that with regard to card employees: "* * * these two (2) holidays will be celebrated in accordance with the Collective Bargaining Agreements, i.e. on Saturday, December 25, 1976, and Saturday, January 1, 1977."

The trial court held that the memorandum was, in fact, a designation by the mayor of the holiday observance and dismissed the plaintiff's petition. We affirm.

Plaintiff first points out that the memorandum itself does not correctly reflect the collective bargaining agreement, since the agreement specifies that the holidays will be celebrated on the days designated by the federal government, unless otherwise designated by the mayor. The memorandum was not artfully drawn but it does not mislead - it definitely specifies the dates for observance of the holidays.

The crucial question is whether the memorandum was the designation of the mayor.

There is no dispute that the memorandum was prepared at the direction of the mayor and reflected his decision.

The delegation of the performance of a ministerial act by a principal to an agent, and the performance by the agent consistent with his instructions, makes the act that of the principal. Wilken v. Capital Fire Ins. Co., 99 Neb. 828, 157 N. W. 1021; 2 McQuillin, Municipal Corporations (3d Ed.), § 10.41, p. 854.

The memorandum was the act of the mayor as specified by the contract. Plaintiff's contentions are without merit. The judgment of the trial court is affirmed.

AFFIRMED.