## Mahramas v. The Guardian Insurance & Annuity Co. Inc.

C.P. of Washington County, no. 95-5430.

*Patricia L. Dodge,* for plaintiff.
*Donald L. Best Jr.,* for defendant Guardian Insurance.
*James Israel,* for defendant Luttner Financial Group.
*Cherly L. Esposito,* for defendant Gregorakis.

GILMORE, *J.,* July 17, 1996—This matter is before the court on defendants' preliminary objections to plaintiff's complaint. The case arises out of the denial of life insurance benefits by defendant The Guardian Insurance & Annuity Company Inc. following the death of plaintiff's husband.

The complaint alleges that Michael Mahramas met with defendant Gregorakis of the Luttner Financial Group Ltd., also a defendant in this case, to procure life insurance. At that time plaintiff alleges that an application for insurance coverage through defendant Guardian was filled out by plaintiff's husband naming plaintiff as the beneficiary, and a check was tendered. Plaintiff's husband died two months later, and defendant Gregorakis subsequently informed plaintiff that the de-

ceased's application for life insurance was declined and refunded the amount of the check which the deceased had tendered.

Plaintiff brought this action on her own behalf and as administratrix of the estate of the deceased alleging counts of breach of contract, negligent misrepresentation, negligence and promissory estoppel against all three defendants.

All three defendants contend that the estate of the deceased should be stricken as a party. Defendants argue that the named beneficiary is the only party that can recover in an action for benefits payable under a life insurance policy.

In a case in which the opposite contention was made by an insurer defendant, that the estate of the deceased, not the beneficiary was the proper party to bring an action for coverage under a life insurance policy, the Supreme Court of Pennsylvania held "[i]t was plaintiff who was named in the certificate as the beneficiary, and she alone, therefore, was entitled to recover." *Pannabaker v. General American Life Insurance Co.,* 329 Pa. 524, 527, 198 A. 626, 628 (1938). Addressing a similar contention, the Superior Court stated:

"While it may be true, generally, that beneficiaries have no vested interest in such a contract [of insurance] during the lifetime of the deceased but only an expectancy, upon the death of the insured, the rights of the beneficiary are vested. . . .

"Furthermore, if by failure to give notice the insured gained vested rights in his policy of insurance, such right would not pass to the personal representative, but would vest in the beneficiaries." *Quinten v. United States Steel Corp.,* 186 Pa. Super. 384, 392, 142 A.2d 370, 374-75 (1958).

Therefore, as to the claim for breach of contract for recovery of benefits under an existing contract of in-

surance against defendant Guardian, Counts I and II, Sophia S. Mahramas, administratrix of the estate of Michael J. Mahramas, should be stricken from the complaint.

The estate of the deceased, however, is a proper party plaintiff concerning the other counts alleged by plaintiff against defendants Guardian, Luttner and Gregorakis. The remaining counts concerning breaches of contract between deceased and defendants Luttner and Gregorakis are not actions on a life insurance policy but are separate alleged contracts to procure life insurance with coverage for a specific amount. And plaintiff, individually, may be a third party beneficiary to that contract. Generally, actions for breach of contract should be brought by the parties entitled to enforce the contract. This could be the party to the contract or the third party beneficiary. *Lauer v. Lerew*, 63 D.&C.2d 279 (1973); see also, *Spires v. Hanover Fire Insurance Co.*, 364 Pa. 52, 70 A.2d 828 (1950), *overruled on other grounds, Guy v. Liederbach*, 501 Pa. 47, 549 A.2d 744 (1983).

Additionally, the counts concerning claims of negligence contain allegations of negligence or negligent misrepresentation toward the deceased. Plaintiff should bring these claims as administratrix of the estate. *Finn v. Dugan*, 260 Pa. Super. 367, 394 A.2d 595 (1978).

Defendants Luttner and Gregorakis next contend that they are agents of a disclosed principal, and as such they cannot be personally liable in an action to recover benefits based on an alleged insurance contract between plaintiff's decedent and defendant Guardian. The general rule in Pennsylvania precludes recovery from an individual acting as an agent for a disclosed principal on a contract between the principal and a third party. *Cox v. Giles*, 267 Pa. Super. 411, 406 A.2d 1107 (1979). However, the claims made against defendants Luttner

and Gregorakis are not based upon a contract between the disclosed principal, defendant Guardian, and a third party, plaintiff's decedent. They are separate and distinct claims that defendants Luttner and Gregorakis breached separate contracts and/or duties owed directly between plaintiff's decedent and defendants Luttner and Gregorakis.

Defendant Guardian next contends that Count II cannot be maintained because Pennsylvania does not recognize an action for breach of an oral contract for life insurance. See 40 P.S. §440, 510 (1992); *Munhall v. Travelers Insurance Co.,* 300 Pa. 327, 150 A. 645 (1930); *Fischman v. Benefit Association of Railway Employees,* 409 Pa. 364, 186 A.2d 629 (1962). However, plaintiff alleges in her complaint that temporary coverage existed from the time the application was executed and payment tendered or that a contract existed to provide or procure life insurance. After *Munhall* cited above was decided, the Pennsylvania Supreme Court clarified that the statute showed "no intention to invalidate contracts of insurance, whatever their form, which are intended to be in effect until a formal policy may be executed." *Rossi v. Firemen's Insurance Co.,* 310 Pa. 242, 252, 165 A. 16, 20 (1932); see also, *Mears Inc. v. National Basic Sensors Inc.,* 510 Pa. 61, 68, 507 A.2d 32, 37 (1986).

As to defendant Guardian's reliance on *Zayc v. John Hancock Mutual Life Insurance Co.,* 338 Pa. 426, 13 A.2d 34 (1940) for the proposition that Counts III through V should be dismissed, the issue in *Zayc* was whether under the facts of the case an action for negligence existed for the delay in accepting or rejecting the application. *Zayc, supra* at 427-30, 13 A.2d at 35-36. The court in *Zayc* rejected the argument that an insurer had an obligation to accept or reject an application for insurance within a reasonable time "unless, inde-

pendently of statute or contract, a legal duty devolved upon the insurance company either to accept or reject the application for insurance within a reasonable time." *Id.* at 430, 13 A.2d at 36. Here, the plaintiff is alleging that defendants informed plaintiff's decedent that coverage was attained at the time of the "application's" execution, and by failing to inform him otherwise these alleged acts of misinformation or not providing appropriate information make out a claim for negligent misrepresentation, negligence or promissory estoppel. Plaintiff does not merely claim, as in *Zayc*, that a duty arose to act on the application within a reasonable time.

Finally, defendant Luttner contends that Count IX of plaintiff's complaint seeks damages only in excess of $10,000. Under Local Rule L-1301 a plaintiff must seek damages in excess of $25,000 to avoid arbitration. Plaintiff's complaint had been changed from $10,000 to $25,000 in the ad damnum clauses of all other counts. Additionally, plaintiff is bringing an action concerning life insurance benefits worth $394,343. It seems obvious that the inclusion of the $10,000 figure in Count IX was merely an oversight which plaintiff should be allowed to correct.

## ORDER

And now, July 17, 1996, after argument and based upon the briefs filed, defendants' preliminary objections concerning striking Sophia S. Mahramas, administratrix of the estate of Michael J. Mahramas, as a plaintiff is granted as to Counts I and II.

All other preliminary objections are denied.

Plaintiff is granted leave to amend the complaint within 20 days hereof in order to amend the amount of damages claimed.