## Seiss v. Sherman

C.P. of Butler County, no. 97-10977.

*Patricia A. Henry* and *J. Douglas Austin,* for plaintiffs.

*Clare M. Bello,* for defendant Sherman.

*Frederick N. Egler Jr.* and *Marilyn J. Larrimer,* for defendant Metropolitan Life.

DOERR, *P.J.,* September 19, 2000—This matter is before the court upon defendants' preliminary objections to plaintiffs' second amended complaint.

Robert J. Seiss and Lorraine B. Seiss, plaintiffs, filed a complaint against defendants J. Joel Sherman and Metropolitan Life Insurance Company on October 24, 1997, an amended complaint on November 12, 1997 and a second amended complaint on January 15, 1998. Plaintiffs aver that they purchased life insurance policies from MetLife through MetLife's agent, defendant Sherman. Plaintiffs claim that defendant Sherman represented that the life insurance policy plaintiff Robert J. Seiss purchased included an individual retirement account. Plaintiffs claim that plaintiff Robert J. Seiss "rolled over" funds in an existing life insurance policy to fund the purchase of the new policy, based upon the advice of defendant Sherman. Plaintiffs further claim that defendant Sherman led them to believe that the new policy purchased for plaintiff Robert J. Seiss had a monthly premium of $25. Plaintiffs also claim that defendant Sherman led them to believe that a $61 monthly premium would sufficiently fund the new policies purchased in each of their names.

Plaintiffs believe that the life insurance policy, in fact, has no individual retirement account attached, and that the $25 monthly premium is insufficient to pay for the policy purchased for plaintiff Robert J. Seiss. Plaintiffs further believe that the life insurance policy will have no value in the future. They also believe that the $61

monthly premium is insufficient to fund both of the life insurance policies purchased from defendants.

Plaintiffs' second amended complaint includes claims for common-law fraud; common-law breach of fiduciary duty; violation of the Unfair Trade Practices and Consumer Protection Law; breach of contract; and bad faith practices. Both defendants filed preliminary objections to the second amended complaint.

In review of preliminary objections, facts that are well-pleaded, material and relevant will be considered as true, together with such reasonable inferences as may be drawn therefrom. See *Mellon Bank N.A. v. Fabinyi,* 437 Pa. Super. 559, 567, 650 A.2d 895, 899 (1994). Preliminary objections in the nature of a demurrer will be sustained only if the law clearly does not permit recovery under the alleged facts. See *Green v. Mizner,* 692 A.2d 169, 172 (Pa. Super. 1997). The existence of any doubt as to whether the demurrer must be sustained should be resolved by overruling the objection. See *Green v. Mizner,* 692 A.2d at 172.

Defendant MetLife's first preliminary objection is in the nature of a demurrer to plaintiffs' claim for breach of contract. Defendant MetLife avers that plaintiffs have not sufficiently alleged that a contract existed between plaintiffs and defendant MetLife. They further aver that plaintiffs' claim cannot be based on oral representations made to them because contracts for insurance must be in writing. Defendant MetLife also claims that plaintiffs' policies included a "free look" which gave them 10 days to review the policy and to accept or reject it, and an integration clause that defines the entire contract between the parties.

Generally, a principal is liable for the acts of its agent. See *Revere Press Inc. v. Blumberg*, 431 Pa. 370, 373, 246 A.2d 407, 409 (1968). Therefore, defendant MetLife would be bound by representations made to plaintiffs by defendant Sherman, within the scope of his employment as a sales representative with defendant MetLife. However, under Pennsylvania law, contracts for life insurance must be in writing in order to be actionable. See *Fischman v. Benefit Association of Railway Employees*, 409 Pa. 364, 369, 186 A.2d 629, 631 (1962); *Zayc v. John Hancock Mutual Life Insurance Co.*, 338 Pa. 426, 13 A.2d 34 (1940). In this case, plaintiffs claim that they relied on oral representations made by defendant Sherman, in deciding to purchase the policies from defendant MetLife, and that those terms were not contained in the life insurance policies that they purchased. The court finds that plaintiffs cannot rely on any oral agreements made with defendant Sherman in light of the aforementioned case law.

Additionally, the policy that each of the plaintiffs purchased contained an integration clause, which states that the policy is intended to be the entire contract between the parties. The court finds, therefore, that the parol evidence rule bars plaintiffs from relying on oral representations made before the policies were put into writing.

As discussed, *supra,* contracts for insurance must be in writing. In this case, plaintiffs are not claiming that defendants breached terms that were included in the written insurance policies, but are claiming that terms orally represented by defendant Sherman are not included in the policies. The court finds that these allegations do not sustain a claim for breach of contract in this case.

As discussed previously, defendant MetLife is bound by the representations of its agent, defendant Sherman. However, the "free look" provisions of the insurance policies purchased by plaintiffs further support the finding that plaintiffs were bound by the written policies in this case and not defendant Sherman's oral representations. The issue of the "free look" provision was addressed by Judge Wettick in *Inhat v. Pover, Part II,* 146 P.L.J. 299 (1998). In that case, Judge Wettick stated that an insurance policy containing a "free look" provision will be construed as an offer of the policy, as written, to the prospective insured, which they have the option of accepting or rejecting. See *Inhat,* 146 P.L.J. at 312. He further stated that "the insured does not have a third option—to obtain an insurance agreement the terms and conditions which the agent described or damages for failure to comply with this agreement." See *id.* at 313. In the present case, the policies provided that plaintiffs had 10 days in which they could accept or reject the policies as written. By failing to reject the policies within this time period, plaintiffs accepted the written terms of the policies. As discussed *supra,* plaintiff could not rely on the oral representations made by defendant MetLife's agent, defendant Sherman, before the written contracts were entered into by the parties.

In light of the foregoing, the court finds that defendant MetLife's preliminary objection in the nature of a demurrer to plaintiffs' claim for breach of contract is sustained.

Defendant MetLife's second preliminary objection is in the nature of a demurrer to plaintiffs' claim for bad faith practices under section 8371 of the Unfair Insurance Practices Act. They aver that plaintiffs' claims do

not "arise under" an insurance policy, as required by the statute, because they are not attempting to enforce terms of the policy, but are trying to apply the statute to alleged improper practices in the selling of an insurance policy. According to defendant MetLife, the statute was enacted to provide relief only for insurers' bad faith in failing to pay on a claim. They also allege that the statute was enacted after the alleged bad faith conduct occurred in this case and, therefore, it is not applicable.

Section 8371 of the Unfair Insurance Practices Act provides that in an "action arising under an insurance policy," a court may take certain actions if it finds an insurer has acted in bad faith toward its insured. See 42 Pa.C.S. §8371. The Superior Court of Pennsylvania has held that under section 8371, bad faith means "any frivolous or unfounded refusal to pay proceeds of a policy." See *Terletsky v. Prudential Property and Casualty Insurance Co.*, 437 Pa. Super. 108, 125, 649 A.2d 680, 688 (1994). In this case, plaintiffs' claims are based upon the actions of defendant MetLife's agent, defendant Sherman, in inducing them to purchase insurance policies, not on failure of defendant MetLife to pay a claim arising under an insurance policy. As such, the court finds plaintiffs do not have a cause of action under section 8371 based upon the facts alleged in their complaint. Accordingly, defendant MetLife's preliminary objection in the nature of a demurrer to plaintiffs' claim for bad faith practices is sustained.

Defendant MetLife's third preliminary objection is in the nature of a demurrer to plaintiffs' claim for breach of fiduciary duty. Defendant MetLife avers that Pennsylvania case law rejects the existence of a fiduciary re-

lationship between an insurer, or its agents, and the insured.

Defendant Sherman also objects to plaintiffs' claim for breach of fiduciary duty contained in plaintiffs' second amended complaint. He claims that an insurance company is not in a fiduciary relationship with its insured under Pennsylvania law. Defendant Sherman avers that Pennsylvania law provides other recognized causes of action for alleged fraudulent conduct by an insurance company, including a claim under the Unfair Trade Practices and Consumer Protection Law. Defendant Sherman also requests that plaintiffs' allegation, that he owed plaintiffs a "trust fiduciary" duty when he accepted premium payment from them, be stricken from the complaint.

The issue of whether an insurer has fiduciary responsibilities to its insured is not new to this court. In *Kriebel v. Metropolitan Life,* Butler County (A.D. 95-10666) June 23, 1997, Judge Martin J. O'Brien, in ruling on the defendants' preliminary objections, found that a fiduciary duty does not exist prior to entering into insurance agreements. Similarly, in *Snyder v. Metropolitan Life Insurance,* Butler County (A.D. 97-10329) October 7, 1998, in ruling on the defendants' preliminary objections, Judge George H. Hancher found that based upon the *Kriebel* case, as well as other Pennsylvania case law, no fiduciary relationship exists between an insurance company and its insured.

Judge Wettick in the Allegheny County Court of Common Pleas also addressed this issue in the detailed *Inhat* opinion. In that case, Judge Wettick found that the insurer does not have fiduciary responsibilities to the insured either prior to the formation of an insurance agree-

ment, or when there is an existing relationship between the insurer and the insured. See *Inhat,* 146 P.L.J. at 307. Instead, he describes the relationship as that of buyer and seller. See *id.* Further, Judge Wettick states that a fiduciary relationship exists when one party has been entrusted to make a decision on behalf of another party, either by law or by an agreement. See *id.* at 306. Moreover, a fiduciary relationship is not imposed just because one party has superior bargaining power over another party. See *id.*

In this case, the court finds that it is bound by the previous rulings of this court, which are supported by Pennsylvania case law. Accordingly, defendant MetLife's and defendant Sherman's preliminary objections in the nature of a demurrer to plaintiffs' claim for breach of fiduciary duty are sustained. Additionally, defendant Sherman's request to have paragraph 8 stricken from the complaint is granted as the court has found no fiduciary relationship between defendant Sherman and plaintiffs.

## ORDER

And now, September 19, 2000, the court hereby orders the following:

(1) Defendant MetLife's preliminary objection in the nature of a demurrer to Count II of plaintiffs' complaint is sustained. Plaintiffs' claim for breach of fiduciary duty against defendant MetLife is dismissed.

(2) Defendant MetLife's preliminary objection in the nature of a demurrer to Count IV of plaintiffs' complaint is sustained. Plaintiffs' claim for breach of contract against defendant MetLife is dismissed.

(3) Defendant MetLife's preliminary objection in the nature of a demurrer to Count V of plaintiffs' complaint

is sustained. Plaintiffs' claim for bad faith practices against defendant MetLife is dismissed.

(4) Defendant Sherman's preliminary objection in the nature of a demurrer to Count II of plaintiffs' complaint is sustained. Plaintiffs' claim for breach of fiduciary duty against defendant Sherman is dismissed.

(5) Paragraph 8 of plaintiffs' second amended complaint is hereby stricken.

The parties are directed to proceed in accordance with the Pennsylvania Rules of Civil Procedure.